## JAMES MATTHEWS v. STILLWATER GAS & ELECTRIC LIGHT COMPANY.[1]

January 24, 1896.

Nos. 9763—(288).

### Nuisance—Estoppel.

Action to enjoin the maintenance of a nuisance caused by the escape of nauseous and offensive gases from a gas plant, and smoke, cinders, and soot from an electric light plant, owned and operated by defendant, into and upon the adjacent premises of the plaintiff. That part of the plant constituting the gas works had been operated by defendant for 15 years, but had been enlarged, and the mode of making gas changed, within that time. That part of the plant constituting the electric light works had only been built and operated about eight years. The plaintiff did not object to the construction of the works while they were being built, but, ever since they have been operated, has continuously objected to and remonstrated against the acts creating the nuisance. *Held*, that plaintiff is not estopped by his conduct from objecting to the continuance of the nuisance.

### Same—Prescription.

Also, that defendant has not acquired a right by prescription to maintain the nuisance. To constitute an adverse user requisite to sustain a right by prescription to maintain a nuisance, the nuisance must have been continued in substantially the same way, and with equally injurious results, for the entire statutory period.

Appeal by defendant from a judgment of the district court for Washington county, in favor of plaintiff for $1,107.01, entered in pursuance of the findings and order of Williston, J. Affirmed.

*Clapp & McCartney*, for appellant.

*J. N. Castle*, for respondent.

[1] Reported in 65 N. W. 947.

MITCHELL, J. This was an action to enjoin the maintenance of a nuisance, and for damages.

The defendant had constructed and was operating a gas and electric light plant on its own premises, adjacent to the premises of the plaintiff; and the alleged nuisance consisted in so operating the plant as to permit nauseous and offensive gases, and large quantities of smoke, cinders, and soot, to escape from defendant's premises into and upon the premises of the plaintiff and his dwelling situated thereon, to the injury and discomfort of himself and family, and to the injury of his property. The evidence is not returned, all that is before us being the pleadings and the findings of the court. The facts found amply support the conclusion of law that the acts of the defendant constitute, as to plaintiff, a continuing nuisance, for which he may maintain an action, unless—First, the plaintiff is estopped by his conduct from objecting to defendant's maintaining and operating its works in the present manner; or, second, the defendant has acquired a right by prescription to maintain this nuisance. The defendant asserts the affirmative of both these propositions, and the findings of fact upon which it relies in support of them are substantially as follows:

The defendant erected its original gas works on its premises in 1874, and commenced the manufacture of illuminating gas from naphtha in the fall of that year. In 1887 it added to its works an electric light plant, and commenced, and has ever since continued, to generate electricity for lighting purposes. In the same year it changed the kind of gas manufactured by it from naphtha to water gas. In the year 1890 it made additions to the machinery of its electric plant, and in both 1887 and 1890 made additions to its original buildings. The cost of the original plant and of the subsequent additions and improvements was between $60,000 and $70,000. Plaintiff never made to the officers of the defendant any objection to the construction of these works, or of the additions thereto. If he had, the defendant would not have constructed them; but none of the officers of the defendant ever asked his consent, and prior to the making of such improvements he had no knowledge of their character or cost. The fuel used in the electric plant is pine slabs. When the electric machinery is in use, it produces noises in and vibrations of plaintiff's dwelling house, and causes large quantities

of smoke, cinders, and soot to enter the house, to the great injury of the walls, furniture, and fixtures therein, and to the health and comfort of plaintiff and his family. The defendant has continuously manufactured illuminating gas on its premises ever since 1874, and during all that time, at a certain stage in the progress of purifying the gas, nauseous and offensive odors have escaped and penetrated plaintiff's house, rendering it uncomfortable for himself and family, as well as injuring their health. Within three months after defendant commenced to manufacture gas, and continuously at short intervals ever since, the plaintiff has made complaint to the defendant, and objected to the continuance of any acts on its part which would cause annoyance to him or his family from these offensive odors, or from the smoke, cinders, and soot from the electric plant. He has never consented to or acquiesced in any of such acts, but has always remonstrated against the continuance of them. In addition to the injury and annoyance to plaintiff and his family, these offensive odors, smoke, cinders, and soot have seriously depreciated the rental value of his premises. There are known appliances, costing $1,200, which, if used in connection with the steam boilers, would materially diminish the amount of smoke passing out of the stack or chimney of the electric light plant.

The court awarded the plaintiff damages for the six years prior to the commencement of the action, but refused to grant an injunction, because it might result in inconvenience to the public, by depriving them of light, and because, in the opinion of the court, the defendant could and would, at a comparatively small expense, remove or materially diminish plaintiff's cause of complaint.

Nothing more than the statement of these facts is required to show that plaintiff is not precluded, on any principle of equitable estoppel, from objecting to the continuance of this nuisance. It was not the construction of the plant, but the operation of it in the manner found by the court, which constitutes the nuisance. It was neither plaintiff's right nor duty to object to defendant's constructing a plant on its own premises. It was its own duty to see to it that when constructed the plant should not be so operated as to become a nuisance to others, and plaintiff had a right to assume that it would perform this duty. Plaintiff owed the defendant no duty to speak at that time, and a person is never estopped by his

silence, except when it is his duty to speak. As soon as the plant was so operated as to become a nuisance to plaintiff, he did object, and has continued to object and remonstrate ever since.

2. It being the settled law that the right to maintain a public nuisance cannot be acquired by prescription; also, that, where a public nuisance works actionable private injury, a prescriptive right cannot be urged against a private action for such injury,—the plaintiff argues that the acts of the defendant constituted a public nuisance, as well as a private one as to plaintiff, who thereby sustained special injury. It is not necessary to consider this question, because, for reasons hereafter stated, it is clear that defendant failed to establish any defense on the ground of a prescriptive right.

There is apparently some confusion in the authorities upon the question whether a prescriptive right can be acquired to maintain a private nuisance of the kind existing in this case; that is, where there is no actual invasion of the land of another, but where the nuisance consists exclusively of corrupting the atmosphere with noxious smells, smoke, and the like, which are injurious to health or property or both. Neither is it necessary to decide this question. It is fully discussed in Wood, Nuis. c. 20. It would seem that the general current of the authorities is to the effect that a prescriptive right to maintain such a nuisance may be acquired. But, if so, the rule is more theoretical than practical, because of the inherent difficulties in establishing such a right by proof. All the authorities, however, agree that the burden of proving such a right is upon him who asserts it; also, that the right is restricted to and measured by the user. Therefore, to constitute an adverse user requisite to sustain the right, it must be shown that the user, during the entire statutory period, has produced an injury equal to and of the character complained of. Otherwise expressed, the injury complained of, in order to be barred by a prescriptive right, must have been continued in substantially the same way, and with equally injurious results, for the entire statutory period. Crosby v. Bessey, 49 Me. 539; Postlethwaite v. Payne, 8 Ind. 104; Goldsmid v. Tunsbridge Improvement Commrs., L. R. 1 Eq. 161; Wood, Nuis. § 713, and cases cited.

The application of this doctrine to the facts of the present case is obvious. While defendant has maintained and operated its gas

works for more than 15 years, its electric light plant, to say nothing of the changes in and additions to its gas plant, has been built and operated only about 8 years; and it is the electric light plant which has created a great part of the nuisance complained of, to wit, the smoke, cinders, and soot. Hence, even conceding, for the sake of argument, that defendant had acquired a prescriptive right to maintain the nuisance, so far as the gas works are concerned, it has acquired no such right as to the electric plant. It is incumbent on an appellant to make error affirmatively appear, and, for anything that the record discloses, the damages awarded may have been wholly on account of the smoke, etc., from the electric plant. The court finds that the plaintiff never consented to or acquiesced in, but continuously objected to, the maintenance of this nuisance. Whether a prescriptive right to maintain a nuisance can be acquired under such circumstances is a question which has not been discussed by counsel, and hence has not been considered by us.

Judgment affirmed.