## GEORGE W. SCHMIDT AND ANOTHER v. VILLAGE OF MAPLEVIEW.

196 N. W. 2d 626.

April 14, 1972—No. 42863.

*Alderson, Catherwood & Ondov* and *Gary E. Leonard,* for appellant.

*Wallace C. Sieh,* for respondents.

Heard before Knutson, C. J., and Kelly, Todd, and Mason, JJ.

MILTON D. MASON, JUSTICE.*

Plaintiffs sought damages and injunctive relief from defendant because of a fire hydrant on the right-of-way of the street in front of a residence building owned by them in the village of Mapleview. By special verdict, the jury found that the hydrant deprived plaintiffs of reasonable access to their premises, did not reduce the rental value thereof, and reduced the market value thereof by $800. The court denied damages. Defendant appeals from the order permanently restraining the maintenance of the hydrant in its present location.

The issue for determination is whether in this case the village can obtain a prescriptive right to maintain a fire hydrant which infringes upon the reasonably convenient and suitable access of the owners to their property.

Arthur Hemphill, father of plaintiff Frances Schmidt, erected the residence in question in 1932. The street bordering the residence on the east is 30 feet wide and runs in a northerly and southerly direction. Boulevards, 10 feet wide, border both sides of the street, making the total right-of-way 50 feet wide. In approximately 1945, a utility pole was erected on the boulevard in the right-of-way of the street at a point directly east of the northeast corner of the lot on which the house stands. In 1951 defendant established a water system and installed a fire hydrant 13¾ feet south of the utility pole. The driveway along the north side of the house is the only access to the garage. To enter the driveway, it is necessary to go between the utility pole

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

and the fire hydrant. Hemphill purchased an automobile in 1958 but seldom drove. He never made complaint concerning access.

Plaintiffs, who then lived in Moline, Illinois, purchased the property when Mr. Hemphill died in 1966. They attempted to secure renters but claim they were unsuccessful due to the limited access to the garage. When the house was being remodeled for rental purposes, a truck driver refused to haul building materials because he "would knock something over." In 1968, plaintiffs brought this action for deprivation of access.

We have recognized the rule that the right to maintain a private nuisance may be acquired by prescription. Minn. St. 541.02. We have also held that the right to acquire such a prescriptive easement is dependent upon its maintenance in substantially the same manner and with equally injurious result for the period required by the statute. Herrmann v. Larson, 214 Minn. 46, 7 N. W. 2d 330 (1943); Satren v. Hader Co-op. Cheese Factory, 202 Minn. 553, 279 N. W. 361 (1938); Matthews v. Stillwater Gas & Elec. Light Co. 63 Minn. 493, 65 N. W. 947 (1896). These cases indicate that if a party, after increasing the burden placed on another's land by some change in his activities, claims he has a prescriptive easement, the proper date from which to measure the statute of limitations for the easement is the date the burden was increased.

This court has concluded in several cases that access to private property is a right which will be protected by the law. See, State, by Mattson, v. Prow's Motel, Inc. 285 Minn. 1, 171 N. W. 2d 83 (1969); State, by Mondale, v. Gannons, Inc. 275 Minn. 14, 145 N. W. 2d 321 (1966); Hendrickson v. State, 267 Minn. 436, 127 N. W. 2d 165 (1964). It is elementary that the term "nuisance" denotes an infringement or interference with the free use of property or the comfortable enjoyment of life, and thus it necessarily follows that an unlawful denial of reasonable access to property may constitute a nuisance. Minn. St. 561.01.[1]

---

[1] Minn. St. 561.01 provides: "Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use

In this case, the difficulty of access is not due to any increased activity by defendant, but, rather, to developments in technology and design which have produced larger motor vehicles. The $13\frac{3}{4}$-foot space between the hydrant and the utility pole may have been adequate to meet the needs of Arthur Hemphill, but it will not accommodate plaintiffs. While the case of Curry v. Farmers Livestock Market, 343 S. W. 2d 134 (Ky. 1961), is not directly in point, the Kentucky court there stated in granting an injunction (343 S. W. 2d 137):

"* * * It must be remembered that the existence of a nuisance is determined on the basis not only of the defendant's activity, but also the gravity or materiality of its harmful effect on the plaintiff."

The increased harm in this case was not a product of any active wrongdoing by any party to this suit. Instead, it was caused by a change in conditions over whch no party had control. Since the evidence shows that the injurious impact of these developments was enhanced sometime after 1958, the statutory period necessary for defendant to gain a prescriptive easement did not run before commencement of this suit. Thus we hold that under the facts of this case the defendant did not obtain a prescriptive right to maintain a fire hydrant which infringes upon plaintiffs' right of access to their property.

Affirmed.

---

of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance. An action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."