## POSTLETHWAITE and Others *v.* PAYNE.

Suit for injury to plaintiff's land and mill, by means of water backed upon them by a dam maintained by defendants. Defendants, in one paragraph of their answer, averred that they had a right to maintain the dam because it was erected in the year 1826, to propel a mill, and had been continuously used by them and other persons under whom

they claim, without molestation or hindrance, from 1826 till the commencement of this suit, at which time they had peaceable possession, and were using the dam to propel a mill, as they lawfully might. *Held*, that the paragraph was bad on demurrer because it did not aver that the possession or user was of right, or under claim of title.

The Court instructed the jury in this case, that "the continuance of an unauthorized dam or obstruction in a stream or watercourse, even for a great length of time, of itself confers no right upon the parties to further maintain the same to the injury of any other person interested in the use of the stream. *Held*, that the instruction was correct, but too narrow: the Court might have added that possession or user, under claim of right, does confer title, when continued for twenty years; and that the jury might infer possession under such claim, from simply twenty years unexplained possession.

Evidence of a suit brought within twenty years against the occupants of a mill dam, but compromised, is admissible to rebut the presumption of an easement by prescription.

Where a dam had been in existence more than twenty years, but had been raised a foot higher within twenty years, the occupant, in defense to an action against him for backing up the water to the injury of property above, claimed a prescriptive easement. *Held*, that to establish the prescription, the easement must have been enjoyed for twenty years, to the extent claimed at the trial.

Nov. Term, 1856.

POSTLE-THWAITE v. PAYNE.

APPEAL from the *Dubois* Circuit Court.

*Wednesday, November* 26.

PERKINS, J.—*Payne* sued *Postlethwaite* and others, for injury which had occurred to his land and mill by means of water backed upon them by a dam maintained by said *Postlethwaite et al.*, across *Patoka* river. The defendants, in their answer, denied the complaint; alleged a license from *Payne*; and averred, "That the defendants have a clear right to maintain said dam, because they say that it was erected in the year 1826 by *Chapman* and *Miller*, to propel a grist and saw mill, which has been continuously maintained and used by them, and by other persons, including the defendants, without molestation or hindrance, who claim and have possession of the same through and under the said *Chapman* and *Miller*, from the year 1826 until the commencement of this suit, and at that time they had peaceable possession, and were using the said dam to propel a saw-mill, as they lawfully might."

A demurrer was sustained to this paragraph of the

answer. There was a trial of issues by a jury. Verdict and judgment for the plaintiff.

The Court instructed that "The continuance of an unauthorized dam or obstruction in a stream or watercourse, even for a great length of time, of itself, confers no right upon the parties to further maintain the same, to the injury of any other person interested in the use of the stream."

On the trial, the plaintiff gave in evidence a suit that had been brought by him against occupants of the mill dam within twenty years, but which was dismissed upon a compromise. The defendant excepted.

It was also proved that the dam complained of—originally built more than twenty years prior to this suit— had been raised a foot in height within twenty years.

Some little confusion would seem, perhaps, to have existed below, from confounding questions upon the rights of neighboring riparian proprietors to appropriate to use the flow of water through or adjoining their lands, by means of dams, &c.; and the power of one to acquire, by user, the right of an easement of flowage upon the lands of another; which latter is the question arising in this case, and the language used must be understood accordingly.

Title to real estate may, by virtue of the statute of limitations, in effect, be obtained by possession. And title to easements, which are susceptible of but a *quasi* possession, may, in effect, be acquired by enjoyment. Because from proof of the one, in the one case, and the other, in the other, a grant may be inferred.

But the possession or enjoyment, to have such effect, must be:

1. Under claim of right.
2. It must be uninterrupted—undisputed.
3. It must be for twenty successive years.

Perhaps there may be other qualities, as, with the knowledge, actual or presumed, of the person against whom such a title is set up; but the three we have above stated are sufficient for the purposes of this case, so

far as relates to the general doctrine of adverse pos-
session. There is, in relation to easements, a point
which must be mentioned:

4. That, at least, as the general rule, they must have
been enjoyed in the same degree—to the same extent—
as claimed in the suit involving them.

Applying these principles to the case before us, the
questions arising in it are easily solved.

The paragraph in the answer setting up title by pre-
scription, by twenty years possession, or user, was bad
because it did not aver that that possession or user, was
as of right, or, under claim of title. If the user was by
leave and license,—by authority of the then owner,—or if
it was without authority, but still not by pretense or claim
of right on the part of the person or persons enjoying
it, it would not confer title. It is true that, as a ques-
tion of evidence, a jury may infer from the simple proof
of twenty years possession or user, that such possession
or user was under claim of right; but in pleading, the
averment must be made. *Holford* v. *Hankinson*, 5 Ad.
and Ellis, N. S. 584.

The instruction given to the jury and excepted to
cannot be held erroneous; because the mere possession
itself, for twenty years, does not confer title. It must
be, as we have seen, possession or user, with claim of
right, to have such effect. At the same time, as has
been intimated, the jury may and would infer, from
twenty years possession or user, especially if it was hos-
tile in its commencement, or if it had been commenced
by leave which was followed by a disclaimer, on the part
of the person enjoying, of right in him by whose leave
the enjoyment commenced, and had then been continued
under such disclaimer, or if it had been commenced un-
der an invalid instrument purporting to convey title; if,
we say, the possession or user had been commenced in
any of these modes, more especially would the jury infer
it to have been under claim of right, though they might
make such inference from mere unexplained continuance

of possession for twenty years. *Law* v. *Smith*, 4 Ind. R. 56.—Gale and Whateley on Easements, p. 87.

The instruction was true as far as it went; but it covered too little ground. The Court told the jury that mere possession did not, of itself, confer title, which was true; but the Court might have told them further, that possession or user, under claim of right, did confer title, when continued for twenty years, and that they might infer possession under such claim from simply twenty years unexplained possession. If the counsel or party wished to have this addition go to the jury he should have asked it.

The evidence of a suit by *Payne* against occupants of the mill-dam was correctly admitted.

The easement, the existence of which was in question in this suit, was the right to back water upon the land and mill owned by *Payne*. That easement was sought to be established by evidence of user. Such user must have been peaceable, and with the acquiescence of *Payne*. A suit by *Payne* against those exercising it might show that it had not been. The suit was not voluntarily abandoned. Had it been, perhaps it would have availed nothing as evidence. 4 Ind. R. 431.. It was dismissed upon a compromise, the terms of which do not appear. Perhaps that compromise embraced a stipulation for the abatement of the dam—an acknowledgment of its wrongful existence.

The evidence, uncontradicted, that the dam had been elevated a foot within twenty years, showed conclusively that the easement had not been enjoyed, to the extent claimed at the trial, for twenty years.

"A grant is presumed from twenty years uninterrupted use of water at a certain height. But if for twenty years the defendants have raised their water but five feet, and afterwards they raise it six feet by the same dam, and the additional foot injures the plaintiffs, they are entitled to recover damages. *Stiles* v. *Hooker*, 7 Cowen, 266. Twenty years having expired since the erection of a dam, a grant will be presumed of a right

·to continue the dam to the height of the original dam, and to raise the water as high as it stood for twenty years. *Baldwin* v. *Calkins*, 10 Wend. 167." G. and W. on Easements, p. 74.

*Nov. Term, 1856.*

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*A. L. Robinson*, for the appellant.