The Chief Justice
delivered the opinion of the court.
This is a writ of error to the judgment of the Circuit Court for the county of Santa Rosa.
The declaration alleges that defendant as surety for John W. Butler executed with Butler and delivered to the State of Florida a bond dated Sept. 1, 1874, whereby he bound himself in the sum of three thousand dollars, with a condition reciting that said John IV. Butler had been appointed Collector of Revenue in and for the county of Santa Rosa and State of Florida for the term of two years, and that the said Butler “shall diligently and faithfully perform all the duties of his said office by the faithful collection of all taxes, both State and county, and the prompt payment of them to the State and County Treasurer, as prescribed by law.”
And the plaintiff avers that the said John W. Butler, as Collector of Revenue of «the county of Santa Rosa, did not diligently and faithfully perform all the duties of his said office in this, that he did not collect $6,919.98 of taxes assessed for and in behalf of the State of Florida for the year 1874; and second, that he did not pay over to the Treasurer of the State of Florida the sum of $6,919.98 of taxes aforesaid for and in behalf of the State of Florida for the ye^r 1874; and third, that he did not pay over to the Treasurer of the State of Florida the sum of' $6,919.-'*98 of the taxes due the State of Florida collected by him for the year 1874 as Collector of Revenue of the county of Santa Rosa, State of Florida; and fourth, that the said Butler failed to collect taxes due the State of Florida assessed for the year 1874, to-wit: $3,829.51, for State taxes and certain general and special sinking fund and‘interest taxes, school fund and license taxes, amounting in all to $6,9.19.98.
The defendant pleaded several pleas, among which were:
Second. “That the Tax Assessor for the year 1874 never annexed to the assessment roll delivered to said John W. Butler, nor otherwise delivered to said Butler a warrant commanding and authorizing him to collect the revenue of said county for the year 1874.” Fifth, “that the said John IV. Butler was Collector of Revenue of Santa Rosa-county for the years 1872 and 1873; that said Butler wilfully neglected to make payment to the Treasurer of the State of Florida all moneys collected by him on account of the State taxes -for the year 1873, which fact was well known to plaintiff at the time of his appointment by plaintiff, as alleged in his said declaration; and said defendant alleges that at the time of signing said bond he was unaware of the wilful neglect of said Butler, as aforesaid.”
To the second plea the plaintiff demurs, on the grounU that it does npt allege that Butler did not as Collector of Revenue receive from the Assessor of Santa Rosa county the tax books of 1874 and collect the revenue assessed in behalf of plaintiff upon said books, and failed to pay the same to the plaintiff as alleged; and that it is argumentative. And as to the fifth plea, the plaintiff demurs and • says that it is not good in law, because it does not state facts sufficient to- constitute a defence and is argumentative.
The court overruled the demurrers to the second and fifth pleas, and thereupon judgment was1 rendered in favor of the defendant upon the cause of action set out in the -.declaration and for costs.
To this judgment the plaintiff sues out a writ of error, and assigns as error the judgment overruling the demurrer to the second and fifth pleas.
As to the second plea, it is simply that there was not annexed to or accompanying the assessment roll delivered to Butler as Collector of Revenue a warrant commanding, or authorizing him to enforce the payment of the taxeá- 6i 1874.
This plea is not responsive to any allegation in the dee? laration. It is not therein alleged that a warrant was placed in his hands. The plea admits that a tax roll was placed in the collector’s hands for that year, and the.declaration alleges that the collector received thereon, of taxes due the State, the sum of money demanded, which he failed to pay over to the State Treasury as he was required by law and by the condition of the bond to do.
Here is an allegation that the Collector received on the assessment roll of 1874 a large amount of money of taxes levied for the use of the State, the Collector being the person authorized by law to receive the taxes So assessed, and to secure the payment to the State of this money the bond in question was executed. Yet when it is demanded that he shall pay over thiB money to the Treasury, the surety pleads that the Collector had no warrant authorizing him to enforce the collection of these taxes, and the surety is, therefore, not liable to the State upon his bond.
The statutes' require the Assessor to deliver’ to the Collector the assessment roll, with the amount of taxes due from the several persons and upon the property enrolled therein designated, and also that the Assessor deliver a warrant directing and authorizing him to levy upon property to satisfy the several taxes in case the persons taxed neglect or refuse to pay the same. Without this warrant or process the Collector could not be required to enforce the collection of the taxes by levy and sale of property, and the Collector would not probably be liable for neglecting to collect the taxes; but if tax-payers voluntarily pay to the Collector the amount of tqxes due from them upon the assessment roll in his possession, his act- in receiving the money is an official act, and his receipt is a discharge of the taxes levied as completely as though the warrant had been issued to him. The moneys he so received are taxes, without reference to the warrant. The assessment and apportionment of the amount of money required for public purposes by the proper officers, in the manner and time provided by law, gives this money the character of taxes, and it is this money that the bond is intended to secure.
It has been held in numerous cases that where sureties undertake that a Tax Collector shall pay over moneys collected by him by virtue of his office, they are liable for the moneys so collected whether with or -without a warrant, and without regard to any irregularity in the tax list or warrant, the taxes having been voluntarily paid to him, (Johnson vs. Goodridge, 15 Me., 29; Ford vs. Clough, 8 Greenl., 334; Orono vs. Wedgewood, 44 Me., 49; Williamston vs. Willis, 15 Gray, 427,) and while the Collector is bound to account for all sums voluntarily paid to him by persons taxed, it is always a defence to him and his sureties where die has neglected to proceed that he had no warrant, or that the process was void. (Cooley on Tax., 500? and authorities cited.)
Upon the facts stated in the pleadings the sureties' are liable, and the demurrer to the second plea should be sustained.
The fiftli plea, that Butler as collector of taxes under a former appointment had wilfully neglected to pay over taxes by him collected for the State for the year 1873, of which fact the State was aware, but of which the surety was not aware at the time of the later appointment, under which the bond was given, is made the basis of an argument that the defendant’s surety was defrauded' by the concealment of a fact which the State was bound to disclose.
But this plea falls far short of showing that he was induced by the State by concealing a fact to sign the bond. *65 It is not pretended that the State invited, or induced lnra to become surety for Butler. It by no means follows that when the bond was offered for approval, it was the duty of the Slate by its officers to seek the surety and inform him of a fact which may, or may not, have influenced him. However unwise it may have been to reappoint a defaulter to the same office, there was in this circumstance no evidence that the State or its agents had perpetrated a fraud upon the surety by concealing a fact. Nothing was concealed by the State. On the contrary, it is presumed that the public records were open for the information of all,-and the integrity of the official, or the want of it, was in this respect open to all whp might be inclined to inquire into it. The fact that the principal had held the same office in the county • should have put the surety upon inquiry as to whether the officer was worthy of credit. But it is enough to say that the plea does not set up a fraud on the part of the plaintiff or its agents. Concealment implies design, and even if the State might by any possibility be a party to a fraud, no design is implied from the language of this plea.
Fraud consists of false representations of things as facts which are not such, or deceitful concealment of facts. (Grove vs. Hodges, 55; Pa. St., 504.) There is nothing in this plea which should he construed as charging fraud, even were the plaintiff a private person or held to the rules governing the good conduct of private persons. This plea, therefore, fails to allege facts constituting a defence, and the demurrer should have been sustained.
The judgment is reversed and the cause is remanded with directions that judgment be entered upon the demurrer, that it be sustained as to the second and fifth pleas, and for further proceedings in the cause according to law.