## No. 2429.

### WEBB COUNTY v. DARIO GONZALES ET AL.

1. EVIDENCE—TAX COLLECTOR.—In a suit by a county against a sheriff who was ex-officio tax collector of the county, to recover taxes alleged to have been collected by him and not paid over, reports of taxes collected, endorsed by his deputy in his name as sheriff and collector, when produced from the proper custody, and attached as exhibits to the petition, are admissible in evidence, though not sworn to.

2. SAME.—In such a suit a county ledger is not admissible in evidence against the defendant.

3. SAME.—Neither the sheriff, as tax collector, nor his securities can set up the fact that no legal levy of taxes was made, in an action against them for not paying over, when it is shown that the taxes were collected by the officer and were not paid over, following Morris v. The State, 47 Texas, 583, and other cases cited.

4. SAME.—In such an action, evidence for the defendant that the money paid as taxes was received by the collector from non-residents of a county attached for judicial purposes to the county of that officer, is not admissible. The presumption would obtain that money so collected was paid on legal assessments on personal property.

5. EVIDENCE.—The bond of a tax collector, with the approval thereof required by law, is the best evidence of the time when the officer qualified as such.

APPEAL from Webb. Tried below before the Hon. J. C. Russell.

*McLane, Atlee* and *H. G. Dickinson*, for appellant.

*Thomas W. Dodd*, for appellee.

GAINES, ASSOCIATE JUSTICE.   Appellant brought this suit in the court below, upon the bond of appellee as ex-officio tax collector of the county, to recover taxes alleged to have been collected by him as such collector during the years 1883 and 1884, and not paid in according to law.   The county recovered a judgment in the court below, but it being for a less sum than was claimed in its petition, it has appealed to this court.

During the progress of the trial counsel for appellant offered in evidence certain reports purporting to have been made by Gonzales in his official capacity, of occupation taxes collected

by him. These were objected to on the grounds, first, that they were not sworn to, and second, that they were not signed by Gonzales himself; and they were excluded by the court. In this, we think, there was error. Some of the reports were signed on the back in the name of the sheriff and collector by his deputy, and all showed upon their face that they were the official reports made by Gonzales, as tax collector of the county, and appeared to come from the proper custody. Copies were annexed to and made parts of the petition, and were alleged to have been made by him in his official capacity. The statute that requires the report does not provide that they shall be sworn to (Rev. Stat., art. 4764), and if it did, we do not see why they should not be good evidence against him as admissions, although unaccompanied by any affidavit. His name appearing in the report, should be presumed to be put there by his authority, and we think it should be deemed a sufficient signature, accompanied as it is with his official designation to authenticate the document as his official act.

But it is insisted, on behalf of appellees, that if this was error, it was harmless, because the court subsequently admitted, over their objection, the official ledger of the county, which contained the footings of those reports as debits against Gonzales. But there is no findings of fact by the court in the record, and we can not say whether the court considered these footings or not. In King v. Ireland, 5 Southwestern Reporter, 499, this court held a "county ledger" incompetent evidence against a sheriff in a suit of this character, and it should have been neither admitted nor considered in this case.

But appellees further insist that, in order to charge them for occupation taxes collected by Gonzales, appellant should have shown that the commissioners court had made levies of such taxes for the years 1883 and 1884. But we are of opinion that if it had been shown that no levy was in fact made for either year, after the collector had received the taxes, neither he nor his sureties can be heard to set up their illegality in defense of an action against them for not paying them over. The collector himself is clearly estopped. The sureties have bound themselves for the faithful performance, on his part, of the duties of his office as tax collector; and where taxes have been voluntarily paid, though illegal, it is the duty of the collector to pay them over to the treasurer of the county. It has been accordingly held by this and other courts that in such a case the sureties, as

well as the principal, are bound. (Morris v. The State, 47 Texas, 583; Swan v. The State, 48 Texas, 120; Ford v. Clough, 8 Me., 334; Johnson v. Goodridge, 15 Me., 29; Orono v. Wedgewood, 44 Me., 49; Trescott v. Moon; 50 Me., 347; Williamston v. Willis, 15 Gray, 427; The State v. Woodside, 8 Ind., 104; The State v. Rushing, 17 Fla., 226.)

We are also of the opinion that the court erred in admitting over appellant's objection, evidence that many of the tax payers of Encinal county who had paid taxes to Gonzales during the years 1883 and 1884, were non-residents of that county. It was held by this court in Llano Cattle Company v. Faught, 5 Southwestern Reporter, 494, that personal property lying in unorganized counties belonging to non-residents is liable to the assessment and collection of taxes by the officers of the county to which it is attached for judicial purposes. Hence it is to be presumed that taxes so paid were lawfully assessed upon personal property, and the evidence should have been excluded. If it had been shown that the assessment was upon real estate belonging to non-residents, we would have had a different question, but one which we do not feel called upon to decide in advance.

The court was also in error in admitting the evidence complained of in appellant's third assignment. The bond itself with its approval, was the best evidences of the time of Gonzales's qualification as tax collector after his election in 1884; and if the witness, Pierce, was testifying as to the contents of the collector's stubs (as it appears to us from the record), the stubs themselves were the proper proof of the dates of the payments evidenced by them. If the witness had known the dates of his own knowledge, it was not improper for him to testify to them.

The other questions presented are not likely to arise upon another trial and need not be considered.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered **January 10, 1888.**