No. 2517.

## M. MAST ET AL. *v.* NACOGDOCHES COUNTY.

1. SUIT AGAINST DELINQUENT TAX COLLECTOR—PLEADING.—A petition against a delinquent tax collector and the sureties on his bond is sufficient if it alleges that the sum claimed was actually collected as taxes and that he collected the money by virtue of his office.

2. OCCUPATION TAXES—REPORTS OF TAX COLLECTOR.—The collector of taxes is required by law to make a quarterly report of occupation taxes collected for the State and county, to be filed with the county clerk. Such reports made and filed, whether signed or not by the collector, are admissible against him and his sureties as admissions made in course of official business, as well as reports by law required.

3. REPORTS BY TAX COLLECTOR.—In absence of any statute requiring such reports, *held* that quarterly reports of other taxes collected, made by the collector are evidence against him and his sureties, and unrebutted sufficient to establish their liability.

4. VARIANCE—EXHIBIT.—In the petition it was alleged that the bond sued on was for six thousand dollars. A copy of the bond was attached to

the petition as an exhibit, and in it the amount of the bond was six thousand five hundred dollars. Objection to the bond for variance with the petition was properly overruled, the exhibit being a copy of the original, the defendants could not have been misled or surprised.

APPEAL from Nacogdoches. Tried below before the Hon. James I. Perkins.

Nacogdoches county, on February 19, 1887, instituted this suit against M. Mast, tax collector of Nacogdoches county, and the sureties on his official bond, for two thousand six hundred and three dollars and twenty-five cents, county taxes, collected after the execution of his said bond by M. Mast, and converted to his own use and benefit. Appellee's amended petition was filed on October 10, 1887, and the defendants answered by a general demurrer and general denial. The cause was tried at the October term, A. D. 1887, of the district court of Nacogdoches county, and resulted in a judgment against all defendants, and in favor of appellee, for the sum of two thousand seven hundred and forty-two dollars, with eight per cent interest from date of judgment, October 18, 1887, and all costs of suit. Appellants' motion for a new trial being overruled, they appealed.

The appellants argued for a reversal, (1) Because the petition was insufficient; (2) want of testimony to material allegations which were not in the petition; (3) the admission of the quarterly reports of the principal, not signed or sworn to; and (4) variance between the alleged amount of bond sued on and that admitted in evidence. These matters are included in the assignments of error. The appellee suggested delay and asked damages.

*Jennings, Lewis & Matthews,* for appellant: The court erred in overruling defendant's general demurrer for the reasons, to wit: First. The petition does not show that the county taxes for the year for which defendants are charged were levied by the commissioners court of the county. Second. It does not show that said taxes were assessed by the tax assessor of said county. Third. The petition does not show that the tax rolls of said county, containing the amounts defendants are charged with, or any rolls whatever, were ever delivered to appellant; and it does not show that appellant ever receipted for any rolls. Fourth. The petition does not sho.

that appellant M. Mast was ever authorized to collect said taxes mentioned in plaintiff's petition for the year therein mentioned.

In a suit on a tax collector's official bond for failure to pay over to the proper parties taxes charged to have been collected the petition should affirmatively show: First. The taxes were duly and legally levied by the commissioners court of the proper county. It should show affirmatively that the taxes charged to have been collected were previously legally assessed by the tax assessor of the proper county. The petition should affirmatively show that the tax rolls so levied and assessed were legally delivered to the defendant collector, and that he receipted for the same, and that they were in his hands for collection. (Houston Co. v. Dwyer, 59 Texas, 113; Webster Flanagan and Tinsley v. Rusk Co., 42 Texas, 40; 2 Desty on Tax., pp. 1045–1048; arts. 4662, 4664, 4665, Rev. Stats.; art. 4718, Rev. Stats.; art. 4737, 4738, Rev. Stats.; Cordray v. The State, 55 Texas, 141; Swan v. The State, 48 Texas, 121; Shaw v. The State, 43 Texas, 359; Allbright v. The Governor, 25 Texas, 695.)

3. The court erred in refusing to give the charge asked by defendant, "That in a suit against a tax collector on his official bond for failing to pay over money collected as such, it is incumbent upon the plaintiff to show that the tax collector received the tax rolls from the proper authorities, and that they were in his hands for collection."

To authorize the tax collector to collect the taxes he would have to have the rolls legally in his possession. (Cordray v. State, 55 Texas, 141; 2 Desty on Taxation, 1045–1048.)

The court erred in refusing to charge the jury "That it was necessary for them to find that an assessment had been made by a full commissioners court and at a regular term of the same, and the indebtedness of a tax collector of a county is the amount charged against him by the county on the tax rolls, less the amount he has paid over to the proper authorities and otherwise accounted for."

A breach of a bond is a failure to perform some duty imposed by law and expressed in the conditions of the bond or clearly embraced therein, and before he is liable on his bond for failure to collect or pay over moneys that have been collected by him, the legality of such collections and his duty to pay over resulting therefrom must be shown. This can only

be done by showing his indebetedness to the county in the way
pointed out in said charge by showing a legal levy and assess-
ment and a turning over of the rolls to the collector and the
amount on the rolls unaccounted for by him. (Rev. Stats.,
4662–4668, 4718, 1517.)

3. The law requires the quarterly reports of tax collectors
to be signed and sworn to. The best evidence of the indebt-
edness of tax collectors to the county would be the tax rolls,
and the quarterly reports could not be admitted against him
until the non-production of the tax rolls was legally accounted
for. The reports offered in evidence do not correspond with
the allegations in the petition; from an inspection of the re-
ports, they appear to have been made for collections of taxes
for the State, and not for the county. This suit is for taxes
collected for the county and not the State.

4. The court erred in admitting in evidence the certified
copy of the bond attached to plaintiff's petition the same pur-
porting to be a copy of the official bond of defendant, M. Mast,
as tax collector of Nacogdoches county over the objections of
defendants as stated in the bill of exception number 1, to wit:
"because the bond declared on and described in plaintiff's peti-
tion was for the sum of six thousand dollars, and the copy of-
fered in evidence was and is for the sum of six thousand and
five hundred dollars."

The proof must correspond with the allegation contained
in the petition. The bond declared on in the petition as
the official bond of M. Mast as tax collector of Nacogdoches
county was for the sum of six thousand dollars, and the one of-
fered and admitted in evidence (over the objections of defend-
ant) was and is for the sum of six thousand five hundred dol-
lars. (Gammage v. Alexander, 14 Texas, 418; Roseborough v.
Gorman, 6 Texas, 314; Mims v. Mitchell, 1 Texas, 443; Hall &
Jones v. Jackson, 3 Texas, 305; Shipman v. Fulcord, 42 Texas,
248.)

*Ingraham & Ratcliff*, for appellee, cited Webb County v.
Gonzales, 69 Texas, 455; Revised Statutes, article 4742; Gee v.
Saunders, 66 Texas, 333; Wiebusch v. Taylor, 64 Texas, 53;
Longley v. Caruthers, Id., 287.

STAYTON, CHIEF JUSTICE. This action was brought by Nac-
ogdoches county against M. Mast and the sureties on his bond

as tax collector for that county, to recover taxes alleged to have been collected and not paid over.

The petition alleged the facts which showed that Mast was tax collector, and that he, as such officer, had collected the sum sued for.

A general demurrer to the petition was overruled, and this is assigned as error. It is urged that the petition should have alleged that the taxes were levied by the commissioners court when all its members were present; that the taxes were assessed by the tax assessor of the county, and that the tax rolls authorizing the collection of the sum alleged to have been collected were delivered to the collector.

If the county based its action on the fact that a valid tax roll had been placed in the hands of the collector and his failure to account for the sum which it was his duty to collect under it, it would be incumbent on it to allege the facts that would create the liability arising from a failure to account.

If a valid tax roll is placed in the hands of a tax collector for collection, it is his duty to collect the sum shown to be due by it, and if he fails to do this without showing some reason valid in law for not doing so, within the time provided by law, then he and his sureties are liable for the sum he ought to have collected, though he may not have collected any part of it. In such a case the petition should allege the facts that made it the duty of the collector to collect the taxes claimed. The petition in this case, however, alleges that the sum claimed was actually collected by the collector as taxes due the county, and that he collected them by virtue of his office. In such cases it is not necessary to show the legality of the tax, its valid levy or assessment, nor that the tax roll was placed in the hands of the collector. As said in Webb County v. Gonzales (69 Texas, 456): "If it had been shown that no levy in fact was made for either year, after the collector had received the taxes, neither he nor his sureties can be heard to set up their illegality in defense of an action for not paying them over. The collector himself is clearly estopped. The sureties have bound themselves for the faithful performance, on his part, of the duties of his office as tax collector, and when taxes have been voluntarily paid, though illegal, it is the duty of the collector to pay them over to the treasurer of the county. It has been accordingly held by this and other courts that in such case the sureties, as well as principal, are bound."

In the case here referred to, cases are cited illustrating the rule. There was no error in overruling the general demurrer, nor in rendering judgment against the collector and the sureties on his bond without proof of the facts which, it is claimed would have been alleged, if the proof offered was admissible and sufficient to show that the collector had collected and failed to pay to the treasurer the sum claimed. The taxes alleged to have been collected consisted of ad valorem, poll, road and bridge and occupation taxes.

The proof as to the collection of occupation taxes consisted of reports of taxes so collected filed by the collector with the clerk of the county court, one of these reports being signed and certified by the collector, and the others not.

This evidence was supplemented by the testimony of the deputy of the collector, who attended to the tax business, and stated that the reports showed correctly the taxes collected. The collector of taxes is required by law to make quarterly report of occupation taxes collected for the State and county, which is required to be filed with the county clerk as were the reports of Mast. (Rev. Stats, arts. 4763, 4764.)

Such reports filed by a collector of taxes, as required by law, are admissible in evidence against him, though they may not be subscribed by him. When shown to have been filed by him as reports of taxes collected, they were admissible against him and his sureties as admissions made in the course of his official business, as well as reports required by law to be made. These, with the testimony of the deputy were sufficient to show that he collected in his official capacity the occupation taxes sought to be recovered against him. (Webb County v. Gonzales, 69 Texas, 456.)

Proof that the collector had actually collected the other taxes for which judgment was rendered was made through reports filed by him, similar to those filed in reference to occupation taxes, some signed and some unsigned; and this was also supplemented by the deputy of the collector, who attended to the tax business of the collector's office, who stated that the reports filed showed truly the sums collected.

We have not been referred to any statute requiring collectors to make quarterly reports of taxes collected other than occupation taxes, but in the absence of such a law, we are of the opinion that the reports filed, which were admitted in con

nection with the evidence of the deputy collector, were admissible against principal and sureties, and, unrebutted, sufficient to establish their liability.

The petition alleged that the bond executed by the collector and his sureties was for six thousand dollars, but a certified copy of the bond was made a part of the petition, and that showed that the bond was for six thousand five hundred dollars. When the bond was offered it was objected to on the ground of a variance in the petition and bond offered, which was for six thousand five hundred dollars. The objection was overruled, and, we think, correctly; for with the correct copy of the bond made a part of the petition, the defendants could not have been misled or surprised as to the bond made the basis of the action. The other assignments of error relate to matters already considered, although raised on the refusal of the court to give instructions asked.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered October 12, 1888.