## W. B. WARD ET AL. v. MARION COUNTY.

Decided May 29, 1901.

**1.—Tax Collector's Bond—Liability of Sureties for Taxes Not Collected.**

Since the condition of a county tax collector's bond is for the faithful performance of the duties of his office generally, the sureties thereon will be liable for taxes which he failed to collect from creditors of his own to whom he issued receipts as for taxes paid, even though the county might still have the right to recover the taxes from the parties holding such false receipts.

**2.—Same—Limitation Against County—Concealment—Diligence—Commissioners Court.**

While the statute of limitations runs against counties, except where the Legislature has otherwise provided, and while concealment will not prevent its running where ordinary diligence would have discovered the facts, yet where a county tax collector retains the tax receipt stubs of certain taxes which he collected and failed to report as collected, but fraudulently marked them on the tax rolls as "Paid," the failure of the commissioners court to discover the discrepancy

is not such want of diligence as will prevent such concealment from suspending the running of the taxes against the claim of the county to recover on the collector's bond, since the statute requires only that the commissioners shall compare the collector's monthly reports with the rolls and stubs, and as the rolls. still remain with the collector for further collections, they might show payments. made after the report was filed, and on that account not included in the report.. Rev. Stats., art. 5168.

Appeal from Marion. Tried below before Hon. J. M. Talbot.

*George T. Todd* and *F. H. Prendergast,* for appellants.

*B. H. Epperson, L. S. Schluter,* and *R. R. Taylor,* for appellee.

JAMES, CHIEF JUSTICE.—It appears that J. C. Hart was tax collector for Marion County from November 11, 1886, to December 1,. 1898, and during that period gave seven bonds.

As only the sureties upon the fourth bond have appealed, we shall confine our attention to the facts that affect such bond. It was in force from January 7, 1893, to December 3, 1894. The court submitted the case by special issues, and with reference to the period covered by the third bond the jury found that the collector was entitled to a credit of $625.19. As to the period covered by the fourth bond, they found he was entitled to a credit of $428.20. As to the fifth bond, also a credit amounting to $11,005.45. As to the sixth bond, they found a deficit of $5017.01. As to the seventh bond, a credit of $1227.25. The jury,. in reply to a special inquiry, found the fact that from the year 1892,. inclusive, to the year 1898, inclusive, Hart issued tax receipts up .to $3500, which appear to have been receipts issued by Hart for personal. considerations, for which he got no money. The court found certain. other facts from the evidence, which appear not to be disputed, as follows:· "I find that from 1892 to December 1, 1898, J. C. Hart issued· tax receipts for $2500 to various parties (of which $2371.99 were issued during the life of the fourth bond) ; that he did not collect the money due on said receipts. He did not report same to commissioners court as money collected. He did not report the stub of the receipt to the· commissioners court, but kept the stub in his office. I find there was. such concealment by Hart of the fact that he had issued said receipts,. that limitations does not bar plaintiff's right to recover, and I find that both Hart and his sureties are liable for the amount of tax receipts so· issued."

· The court accordingly gave judgment against Hart and the sureties. on his fourth bond for .$1318.58, arriving at it thus: Charging him with $2371.97, the tax receipts so issued by him during the fourth bond,. and deducting the credits he was found entitled to on the third and fourth bonds, in all $1053.39. From which particular judgment the· sureties appeal.

There was no appeal taken by the county, and it has no right to have· the·judgment revised by this court on cross-assignments,· except within.

the scope of the appeal taken. The parties to the other bonds have not appealed, nor has the county, and the latter is not in a position to assign errors as to them, or the judgments that concern only them.

The appellants raise two questions: (1) They insist that the sureties on a collector's bond are not chargeable where he does not receive money for the taxes, but issues tax receipts to his creditors or others in respect to his personal affairs; and (2) that the action was barred by limitations.

It is manifest that if the first proposition be correct no judgment should have been rendered against appellants. We consider the position well taken. Collectors are not authorized to receive anything but money in payment of taxes. Under the testimony and findings in this case, no money came into the collector's hands by reason of these receipts. The taxes indicated in such receipts were never paid nor collected, and the right of the county to recover for such taxes has always existed and still exists. The county probably has been delayed in the collection of such taxes, but that it all. The penalties and interest are supposed to be adequate indemnity for such matter. Hartford v Franey, 47 Conn., 76. Mr. Cooley says: "The collector's admission of payment is not conclusive on the sureties, and therefore if he gives a receipt for taxes as paid, which are not paid in fact, his sureties are not responsible as for actual payment." Cooley on Tax., 714, 715.

This conclusion renders notice of the other proposition or other assignments unnecessary.

The judgment of the District Court will be reversed and judgment here rendered in favor of the sureties on the fourth bond, but in all other respects the judgment will not be disturbed.

### ON MOTION FOR REHEARING.

The judgment on the fourth bond was rendered by the court by adopting the only finding of the jury thereon, viz., a credit, and upon a certain finding by the court as follows: "That during the life of the fourth bond Hart.issued to various parties tax receipts for $2371.97, and collected no money on same." It was not essential to an appeal by the sureties on this fourth bond that they should have made a motion for new trial. They do not complain of the finding of the jury, and as to the finding made by the court there was no verdict.

The county gave no bond for appeal, and although it may have made a motion for new trial which was overruled, it did not perfect an appeal; hence it is not in a position to file cross-assignments, except within the scope of the appeal taken by the sureties on the fourth bond.

We have reconsidered the case as to the liability of the sureties for the sums for which the collector issued receipts without receiving money therefor, and believe that there was error in holding, as we did in the original opinion, that the sureties were not liable. If the condition of the bond had been simply that the collector should account for all

moneys collected, we would be disposed to adhere to the ruling. The condition of such bonds, however, is generally for the faithful performance of the duties of the office. The evidence is that this collector was indebted to the parties to whom he gave such receipts, and gave them in settlement of private debts. This conduct shows a total failure to perform the duties enjoined upon him enforcing collections, and constituted a breach of the condition of his bond. As said in Mast v. Nacogdoches County, 71 Texas, 380, it was his duty to collect the sums shown to be due by the rolls, and failing to do this, without showing some reason valid in law for not doing so, he and his sureties are liable for the sums he might have collected. People v. Smith, 55 Pac. Rep., 765.

Upon this view it becomes necessary to consider the plea of limitations interposed by the sureties. The facts are substantially as follows: It was the duty of the commissioners court to examine the monthly statements, vouchers, etc., of the collector, and to compare the same with the tax rolls and tax receipt stubs, and to approve the same, if found correct in every particular. The tax rolls were marked "paid" in connection with each item where receipts had been issued and no money received. Hart did not report any stubs of receipts to the commissioners court, but retained them in book form in his office, where they appear to have always remained open to inspection. It is incomprehensible to us, under these circumstances, how the commissioners court failed to readily discover the truth in reference to these receipts, had they performed the duty required of them of comparing what he reported with the tax rolls and tax receipt stubs. Rev. Stats., art. 5168. The court based its conclusion, that limitations had not barred this action, upon a finding that there was such concealment by Hart of the fact that he had issued said receipts as prevented the statute from having effect. There was nothing to prevent the discovery of the facts, had any reasonable diligence been observed by the commissioners. The tax rolls disclosed that the persons to whom these receipts were given had paid their taxes, and they could from this have known that he had received more than he had reported. Concealment does not obstruct the running of the statute, where the facts would be known in the exercise of ordinary diligence. The statute of limitations runs against counties, except where the Legislature has otherwise provided. Railway v. Travis County, 62 Texas, 16. The motion for rehearing will be overruled, and the judgment remain as rendered.

ON SECOND REHEARING.

A motion for rehearing has been filed by appellants upon the question of the liability of the sureties, asking us to decide that they can not be held liable in this case for the moneys receipted for and not in fact collected. We overrule this motion.

Appellees have answered said motion, and again present more fully

for reconsideration the question of limitations, asking us to hold, as we did in the original opinion, that there was concealment on the part of the sheriff in his reports preventing the running of the statute, as found by the trial court. We have concluded that we have erred in holding that the commissioners were guilty of inexcusable negligence in reference to these reports. As the matter is now presented to us, we believe the fact that the rolls were marked "paid" opposite the names of the persons to whom receipts were issued, was not under the circumstances calculated to put the commissioners upon notice that more moneys had been collected than reported. The reports are made monthly, and the rolls are not required to be filed with the reports. They remain in the sheriff's hands for collection, and when a report comes on to be examined, the rolls would naturally show payments made after the report was filed and not included in the report. It was not contemplated that the commissioners should do more than to compare the report and stubs with the roll in order to verify them. We therefore hold that there was evidence which warranted the court in finding that the sheriff, by withholding from his reports the particular stubs of receipts which had been issued in instances where no payments had been made, was guilty of such concealment as suspended the running of the statute. The judgment will therefore be affirmed in all things.

*Affirmed.*

Writ of error denied.