HARRIS-HEARIN FOUNTAIN COMPANY v. W. X. PRESSLER.

Decided March 31, 1904.

**Written Contract—Parol Evidence to Vary.**

In suit on a written contract for the purchase of a sodawater fountain, which stipulated that the purchaser agreed not to countermand the order and if so the company should not recognize the same, it was error for the court to admit parol evidence that at the time of the sale it was verbally agreed between the parties that if, upon receipt of the fountain, it proved unsatisfactory to the purchaser, he need not accept it.

Appeal from the County Court of Nacogdoches. Tried below before Hon. Robert Berger.

*Ingraham, Middlebrook & Hodges,* for appellant.

No briefs for appellee.

GARRETT, CHIEF JUSTICE.—This suit was brought by the Harris-Hearin Fountain Company in a justice court in Nacogdoches County against W. X. Pressler to recover the price of a soda-water fountain purchased by the defendant from the plaintiff. The contract for the purchase of the fountain was in writing and certified that W. X. Pressler had purchased of Harris-Hearin Fountain Company one seven-bottle apparatus complete, etc., the consideration being $150, to be paid 20 per cent on delivery of apparatus and balance in monthly payments of $10 evidenced by notes drawing 6 per cent interest. That the said Pressler agreed not to countermand the above, and if so the company should not recognize same. The apparatus was to be shipped to Pressler f. o. b. Little Rock, Ark., not later than April 15, 1903. Date of contract was May 7, 1903. It was credited by tank not ordered $30. The court below permitted the defendant to introduce evidence at the trial over the objection of the plaintiff that at the time of the sale of the fountain it was verbally agreed between the parties that when the defendant received the fountain if he was not satisfied with it he need not take it; and the defendant having testified that the fountain had been received at his store, but that he was dissatisfied with it, never set it up, and notified the plaintiff that he would not take it, the court rendered judgment in favor of the defendant. The court erred in receiving parol evidence to vary the terms of the written contract. The defendant was bound by the contract as written, and since the undisputed legal evidence shows that he is liable to the plaintiff for a breach of the contract to take the apparatus and make the payment and execute the notes as stipulated in the sum of $120 with interest from May 7, 1903, at the rate of 6 per cent per annum, the judgment of the court below will be reversed and such judgment will be here rendered in favor of the plaintiff as should have been rendered by that court.

*Reversed and rendered.*