ORANGE COUNTY v. TEXAS & NEW ORLEANS RAILROAD
COMPANY.

Decided April 1, 1904.

**1.—County Taxes—Collector—Tax Rolls—Payment.**
   A county tax collector has no right to receive a payment of taxes before the tax rolls of the county have been turned over to him, although such tax rolls have been duly assessed and approved, and a county may recover from the taxpayer the amount of taxes so paid but not accounted for by the tax collector.

**2.—Same—Apparent Authority.**
   The public must take notice of the actual authority of public officers and know that they can not bind the government beyond it.

Appeal from the District Court of Orange. Tried below before Hon. W. P. Nicks.

*Holland & Holland,* for appellant.

*Baker, Botts, Baker & Lovett* and *Chester, Crawford & Chester,* for appellee.

GILL, ASSOCIATE JUSTICE.—This is a suit by the county of Orange to recover of the Texas & New Orleans Railroad Company $3809.94 due as taxes for the year 1898 on property owned and rendered by the railroad company in Orange County for one year. Defendant pleaded in bar of the action that the sum claimed had been paid by it on September 27, 1898, to Jeff D. Bland, the tax collector of plaintiff county. A trial before the court without a jury resulted in a judgment for defendant.

The taxes sued for were properly assessed, due and owing as alleged in the petition. On September 28, 1898, the amount was paid by defendant to Jeff D. Bland at Houston, Texas. Bland was at the time the duly elected, qualified and acting tax collector of plaintiff county and he executed to defendant a proper receipt therefor. The sum thus received by him was never paid over to the county. At the time of the payment the tax rolls of the county had not been turned over to him and were not in his hands. The assessment, however, had been duly made and the rolls passed on and approved by the board of equalization.

The trial court held in effect that the tax collector was the agent of the county for the collection of taxes from the time they are assessed and the rolls approved, and that his receipt executed for taxes collected after such assessment and approval but before the delivery of the rolls to him is binding on the county. This proposition is assailed by the plaintiff.

The question thus presented we have found some difficulty in determining. Such cases have rarely arisen and have usually assumed the form of an effort on the part of the government to hold the col-

lector's bondsmen responsible for the failure of the collector to account for the sum thus collected. The sureties on the official bond have almost invariably been held responsible, chiefly on the ground that the collector, having assumed to act officially, is estopped to deny the official nature of his act and the sureties are bound by the terms of the bond. Cooley on Taxation, 439, 1324, 1325, 1329, 1330; Fuller v. Colkins, 22 Iowa, 301; Mast v. Nacogdoches County, 71 Texas, 380.

Notwithstanding occasional expressions in the authorities to the effect that a collection prior to the receipt of the warrant is an official act, it is clear that the cases rest upon the same principle which precludes a surety on an official bond from questioning the validity or regularity of the appointment of his principal. Cooley on Taxation, 1337. In the cases holding otherwise the conclusion has been controlled by some provision in the bond limiting the sureties' liability to funds collected under formal warrant, which usually consists of the tax rolls duly approved and delivered to the collector, or of such rolls and a formal warrant duly signed by constituted authority. Cooley on Taxation, 793-1329. It does not follow, however, that because a county may ratify the act of the collector and elect to pursue its remedy upon the bond, that in the absence of such ratification and election the taxpayer is discharged. The question must be determined upon other grounds.

That the tax collector by virtue of his office is the agent of the county for the collection of all unpaid taxes duly imposed and for the collection of which there is an outstanding warrant is generally true. But that his authority must rest at last in some specific authorization can not be successfully questioned. That a tax collector who undertakes to enforce the collection of taxes prior to the receipt of his warrant is a trespasser and liable as such is well settled. It follows logically that his right to receive voluntary payments can not antedate such authority.

To hold otherwise would in effect empower the tax collector to receive payments far in advance of the approval of the rolls and would impose on the courts (there being no direct legislation on the subject) the duty to arbitrarily fix a time back of which such authority would would not be recognized.

There are other considerations which lend strength to this conclusion. When the county through its collector receipts for a tax whereby the taxpayer is discharged, it releases the lien by which the tax was secured, and the personal liability of the taxpayer and the responsibility of the collector and his bondsmen are substittued therefor. The law therefore empowers the county to provide against the time when such sum shall be received from the collector by requiring bonds with reference to the amount expected to be received. In this State the fiscal years are kept separate and distinct.

It frequently happens that taxes imposed for one year are different in

amount and laid for different purposes than those of the previous year. The treasurer's books must be opened and kept accordingly.

It is the policy of the law that the imposition of taxes, their collection and disbursement should constitute a complete and harmonious system, and it follows that the taxes should not be receivable until preparation is completed for their custody and disbursement. The amount of the collector's bond is fixed at not less than the sum of the taxes collected for the previous year and maybe more, if prospective collections shall in the judgment of the commissioners require greater security. Rev. Stats., art. 5159.

If the necessity arises additional security may be demanded and the collector can not further discharge his official duties until further security is furnished. By article 920 the bond of the treasurer may be fixed by the commissioners court in an amount within their discretion, and by article 922 they may require of him new or additional bonds.

By article 5164 of the Revised Statutes collections shall begin on the 1st of October each year or so soon thereafter as the collector shall be able to obtain the proper assessment rolls, books or data upon which to proceed with the business.

In taking the precautionary course above mentioned the court would naturally act with reference to the time fixed by law for the receipt of the taxes which might render the increased security necessary.

It is plain, in view of these considerations, that to permit collections prior to the date fixed by law would enable the collector to forestall the commissioners court and become the custodian of funds for which no sufficient bond had been required. If they should be collected and held by him until the time fixed by law for their collection they would be held incidentally at the county's risk. If they were promptly paid over to the county treasurer the result would be the same. In either event the county might be cut off from the adoption of those precautions provided by law for its security. The case of Cossart v. Spence, 23 Ark., 374, supports the conclusion we have reached.

The judgment of the trial court can not be upheld on the ground that under the collector's apparent authority as the collecting officer the taxpayer was justified in paying the tax at any time after its levy. The rule that an agent may bind his principal by acts done within the apparent scope of his authority does not apply to public officers. However hard the rule may be in its application, the public must take notice of the actual authority of public officers and know they can not bind the government beyond it. Whiteside v. United States, 93 U. S., 247; Mechem on Pub. Off., secs, 596, 512.

The facts being undisputed and the trial court having specifically found the amount of the taxes due for the year named, the judgment of the court below is reversed and judgment is here rendered in favor of appellant for the amount sued for.

*Reversed and rendered.*

Writ of error refused.