This suit was brought by the State of Texas against the Texas and New Orleans Railroad Company for taxes due for the year 1898 upon its road and certain other of its property situated in Orange County.
The railway company defended, first, on the ground that it had paid the sum claimed to Bland, the tax collector, and had his receipts therefor; second, if such payment was not made under circumstances which amounted to a quittance of the company, the bondsmen of the tax collector *Page 581 
Bland had nevertheless paid to the Attorney General the sum claimed in satisfaction of the State's demand and the State had no interest in this suit.
There was a judgment for the State and the company has appealed.
The facts which are undisputed are as follows: On the 27th day of September, 1898, the defendant paid to Jeff D. Bland, the tax collector of Orange County, duly elected and qualified, the State and county taxes due by the company in that county for that year, and took his official receipt therefor. At the date of this payment the taxes were not due and Bland had no warrant to collect them the Commissioners' Court not then having delivered the tax rolls to him. The taxes were due and the rolls to be delivered on October 1 of that year. Bland defaulted, and another was appointed to his office. Bland never paid to the State the sum thus collected from the defendant. The Attorney General of the State was about to institute suit against the bondsmen on Bland's official bond to recover the sum in question when the bondsmen induced him to pursue his remedy against the defendant railway company, the attorneys of the bondsmen offering to conduct the suit in behalf of the State to a successful termination. The bondsmen also offered to place in the hands of the Attorney General a sum equal to the amount then due by the defendant as taxes, to be held by him and turned into the State treasury in discharge of the bondsmen's liability in case the State's suit failed, but to be returned to the bondsmen if the suit was successful. These propositions were accepted by the Attorney General and the sum agreed on placed in his hands. So far as the record discloses it is still held in the Attorney General's office subject to the terms of the agreement. This suit was brought by authority of the Attorney General, Messrs. Holland Holland, attorneys for the bondsmen conducting it. The sum placed in the hands of the Attorney General was $1,279.29. The amount recovered in behalf of the State in the court below was a like sum but the interest added at the date of the judgment increased the total to $1,754.74.
By the first assignment appellant complains of the judgment on the ground that the payment to Bland was binding on the State notwithstanding it was made at a time when the rolls had not been delivered to him. This assignment is overruled without discussion as the point was decided adversely to this contention in the case of Orange County v. Texas N. O. Ry. Co., 80 S.W. Rep., 670.
The other defense presents a question which is not free from difficulty. We are of opinion, however, that the trial court was correct in holding that the arrangement between the bondsmen and the Attorney General was not binding on the State. It is undoubtedly true that the State had either of two remedies upon the default of Bland. One against Bland and his bondsmen, to which the fact that the tax had been prematurely collected would have been no defense. Both Bland and his bondsmen would have been estopped to set it up. (Webb Co. v. Gonzales, 69 Tex. 456; Mast v. Nacogdoches Co., 71 Tex. 384
[71 Tex. 384]; Morris v. State, 47 Tex. 592.) The other against the railway company who as clearly could neither defend on the ground that the State also had a remedy against the bondsmen nor recover over against them the sum recovered *Page 582 
by the State. There was no privity between the taxpayer and the bondsmen. The company's remedy was against Bland.
While the State had two remedies it in fact chose the one against the company. We know of no power which may coerce the discretion of the Attorney General to choose one remedy rather than another. Nor may we inquire into the motives which controlled his choice further than to determine that the payment to him did not in fact discharge the State's claim, and this it clearly did not do. It is equally clear that the bondsmen are powerless to appropriate this judgment to their own use. They can not successfully question the right of the State to the fruits of this litigation. If they were permitted to do so the State would lose about $500 in interest which has accrued on the liability while the sum placed with the Attorney General has lain idle in his hands.
We think the judgment should be affirmed, and it is so ordered.
Affirmed.