**AUSTIN, State Banking Com'r, v. FOX.***
(Nos. 1038–4950.)

Commission of Appeals of Texas, Section A. Jan. 18, 1928.

**1. Taxation ⟨⟩527—Tax collector has no authority to receive anything but cash in payment of taxes.**

A tax collector has no authority to receive anything but cash in payment of taxes.

**2. Taxation ⟨⟩527—Private arrangements for payment of taxes, made between collector and taxpayers, and performance thereof are at risk of parties.**

Private arrangements for payment of taxes different from statutory method, made between collector and taxpayers, and performance thereof are at risk of parties thereto, and not of state or county.

**3. Taxation ⟨⟩527—State or county may adopt or, through estoppel, get benefits of private arrangements for payment of taxes between collector and taxpayers.**

State or county may adopt or, through assertion of estoppel, get benefits of private arrangements for payment of taxes made between collector and taxpayers.

**4. Taxation ⟨⟩568(6)—In case of loss through private arrangements for payment of taxes between collector and taxpayers, breach of bond can be rested thereupon.**

In case of loss through private arrangements for payment of taxes different from statutory method between collector and taxpayers, breach of bond can be rested thereupon.

**5. Taxation ⟨⟩527—Liability of taxpayer persists until acts amounting to payment of taxes in statutory way are done, or until state or county does act amounting to ratification of transaction between taxpayer and collector.**

Liability of property owner for taxes persists until such acts are done as amount to payment of taxes in statutory way, or until state or county does some act which amounts to ratification of what had previously been done informally by owner and collector with consequent release of tax lien.

**6. Banks and banking ⟨⟩15—Tax money deposited in name of collector who settled with state and county held entitled to protection under guaranty fund as nonpublic funds; "public funds" (Rev. St. 1925, art. 447).**

Deposits of tax money in name and to order of county tax collector who had settled with state and county for all taxes *held* not "public funds," but entitled to protection under guar-

anty fund, under Rev. St. 1925, art. 447, as nonpublic, unsecured, and noninterest-bearing deposits.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Funds.]

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by J. J. Fox against Chas. O. Austin, Banking Commissioner of Texas, and others. Judgment for plaintiff was corrected and affirmed as corrected by the Court of Civil Appeals (297 S. W. 341), and defendant named brings error. Affirmed.

L. C. Sutton and John W. Goodwin, both of Austin, for plaintiff in error.

Seabury, George & Taylor, of Brownsville, for defendant in error.

NICKELS, J. The opinion of the Court of Civil Appeals is reported at page 341 of 297 S. W. Writ of error was granted in respect to the question whether the deposits standing in the name of J. J. Fox on the records of the defunct bank were public funds. If they had that character, the security of the guaranty fund, of course, is unavailable. Article 447, R. S. 1925.

[1-5] Some relevant formularies may be stated: (a) A tax collector has no authority to receive anything but cash in payment of taxes. Figures v. State (Tex. Civ. App.) 99 S. W. 412; Ward v. Marion County, 26 Tex. Civ. App. 361, 62 S. W. 557, 63 S. W. 155. (b) Private arrangements for payment (differing from the statutory method), made between the collector and taxpayers, and performance thereof are at the risk of the parties thereto, and not of the state or county. Ibid.; Orange County v. T. & N. O. R. Co., 35 Tex. Civ. App. 361, 80 S. W. 670 (writ refused); T. & N. O. R. Co. v. State, 43 Tex. Civ. App. 580, 97 S. W. 142. (c) The state or county may adopt or, through assertion of estoppel, get the benefits of such acts or arrangements (Ibid.; Morris v. State, 47 Tex. 592; Webb County v. Gonzales, 69 Tex. 456, 6 S. W. 781; Mast v. Nacogdoches County, 71 Tex. 384, 9 S. W. 267), or, in case of loss, a breach of the bond can be rested thereupon (Ibid.; Wilson v. Wichita County, 67 Tex. 647, 4 S. W. 67). It results that liability of the property owner persists until such acts are done as amount to payment of taxes in the statutory way, or until the state or county, etc., does some act, etc., which amounts to ratification of what had previously been done informally by the owner and collector with consequent release of the tax lien.

Fox, tax collector or otherwise, has never received money called for in the receipts issued, but, contrarily, has only received credits indorsed on the bank books. If the matter remained in that condition, the taxpay-

ers would still be liable because of nonpayment, or the state could release them by pursuing Fox and his sureties, but this would require a new choice by the state, which was never made and which cannot yet be made.

Throughout the period intervening a date prior to the first credit given Fox by the bank now defunct and dates (subsequent to the last of those credits) of final settlements had between him and the state and county in respect to all taxes then involved, there was on deposit in the depository bank funds (to which he was entitled as commissions earned) in excess of the aggregate of the credits in the other bank. In those settlements the state and county accepted whatever amount of those funds was appropriate in lieu of moneys due either by Fox, the defunct bank, or the property owners for taxes supposedly represented by the credits now in question.

Whatever rights might have accrued to the state or county were, under the facts, at all times inchoate and dependent upon claim asserted upon happening of contingencies. The contingencies never occurred so as to authorize the claim, and the claim was never made, nor, in view of settlements with Fox, may the contingencies yet happen or rightful claim be made. A different ruling would involve complete reversal of the policy in respect to receivers of public moneys as established in the authorities cited and others and jeopardize the public interests in the manner therein expressed and implied.

[6] We hold, the "deposits" are entitled to protection as nonpublic, unsecured, and noninterest-bearing ones, and, accordingly, we recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.