

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable D. H. Utley   Opinion No. 6208
County Auditor          Re: Who is legally liable for the penalty and
Clay County             interest due on delinquent taxes where the taxpayer
Henrietta, Texas        gave his personal check to Tax Collector, who then
                        issued and delivered tax receipt, but after check was
                        not paid by bank, and returned to Tax Collector on ac-
                        count of improper endorsement and Tax Collector then
Dear Sir:               recovered from taxpayer the issued tax receipt, and
                        County and State were never paid, and taxes subsequently
                        become delinquent?

        We are in receipt of your recent letter in which you request
our opinion upon the above captioned matter.  Your opinion request reads,
in part, as follows:

        "There existed in Clay County; District Court a lawsuit
    styled Sims vs. Firestone, and an appeal had been taken by
    the defendant, and this occurred in 1940; the suit was still
    on appeal, and the plaintiff secured the attached order from
    the District Judge of the 97th Judicial District regarding ·
    the payment of taxes, in 1941 the photostatic copies of the
    checks used are attached, these were honored by the bank and
    payment of taxes made, again in 1942, this same order was
    again given the plaintiff whereby the taxes were to be paid,
    and again the plaintiff gave checks on the same escrow ac-
    count, for taxes as the order directed, and the bank re-
    fused to give credit to the Tax Collector and returned the
    checks (attached photostatic copies) to the Tax Collector
    who in turn recovered the issued tax receipts.  Question?
    -- Who is legally liable for the penalty and interest now
    due on the delinquent taxes?"

        The court order referred to by you in your opinion request,
a copy of which was attached, reads as follows:

        "Carmen Firestone Sims, et al, vs. Tom Firestone, No.
    6313 in the District Court of Clay County, Texas.  On this
    the 14th day of October, 1942, it having been called to the
    attention of the Court that the taxes on the property in-
    volved in the above entitled and numbered suit for the year
    of 1942, are now due and unpaid; and the Court being of the
    opinion that it is to the advantage of the estate that the
    same be paid before they become delinquent,

        It is therefore ordered, adjudged and decreed by the
    Court that the defendant, Tom Firestone, execute checks,

drawn on impounded account, in the sum of $69.20, the correct amount of the County, State and School taxes on said property, to the Clay County Tax Collector; and that he further issue a check in the sum of $25.20, the correct amount of City taxes, payable to the City of Henrietta.

It is further ordered that the above taxes be paid on or before January 31, 1942. (Signed) Earl P. Hill, Judge."

It will be noted from an examination of the photostatic copies of the checks that the following notation was placed thereon by the cashier of the bank upon which they were drawn: "O. K. when presented properly endorsed."

It is the opinion of this Department that the facts as stated by you constitute merely an attempt to pay the taxes, and that the same person or persons are now liable for the taxes, penalty and interest as would have been liable therefor had no attempt at all been made to pay the taxes before delinquency. Our conclusion above expressed is based upon the following authorities:

The Court in the case of Graves vs. Bullen, 115 S. W. 1177, held that although tax receipts have been made out and delivered to the taxpayers, a county may still recover the taxes unless actually paid.

The Court in the case of Ward, et al, vs. Marion County et al, reported in 62 S. W. 557 spoke as follows:

"Collectors are not authorized to receive anything but money in payment of taxes. Under the testimony and findings in this case, no money came into the Collector's hands by reason of these receipts. The taxes indicated in such receipts were never paid or collected, and the right of the County to recover for such taxes has always existed and still exists."

In 40 Tex. Jur. Sec. 127, it is stated: "In the absence of statutory authority to accept payment otherwise, taxes are payable in currency." Citing Bryan vs. Sundberg, 5 Tex. 418; Austin vs. Fox (Com. App) 1 S. W. 2nd 601, affirming (Civil Appeals) 297 S. W. 341.

The rule is further stated in 40 Tex. Jur., Sec. 127 as follows:

"The Collector may not accept checks or other paper; should he do so, he personally takes the risk of payment of the paper upon presentation, and the taxpayer takes the risk that the Collector will duly account for the proceeds, even if an official receipt showing that the

Honorable D. H. Utley, page 3 (O-6208)


tax had been paid was delivered."  Citing Scisson vs State, 51 S. W. 2nd, 703.

The Commission of Appeals in the case of Austin, State Banking Commissioner vs. Fox, reported in 1 S. W. 2nd 601 in affirming the judgment of the Court of Civil Appeals, used the following language:

"Some relevant formularies may be stated:  (a)  A tax collector has no authority to receive anything but cash in payment of taxes.  Figures vs. State (Tex. Civ. App.) 99 S. W. 412; Ward vs. Marion County, 26 Tex. Civ. App. 361, 62 S. W. 557, 63 S. W. 155.

(b)  Private arrangements for payment (differing from the statutory method) made between the collector and tax-payers, and performance thereof are at the risk of the parties thereto, and not of the State or County.  Ibid.; Orange Co., vs. T. & N. O. R. Co., 35 Tex. Civ. App. 361, 80 S. W. 670 (writ refused); T. & N. O. R. Co., vs. State 43 Tex. Civ. App. 580, 97 S. W. 142.

(c)  The State or County may adopt or, through assertion of estoppel, get the benefits of such acts or arrangements (Ibid., Morris vs. State; 47 Tex. 592; Webb Co. vs. Gonzales, 69 Tex. 456, 6 S. W. 781; Mast vs. Nacogdoches Co., 71 Tex. 384, 9 S. W. 267), or, in case of loss, a breach of the bond can be rested thereupon (Ibid.; Wilson vs. Wichita Co., 67 Tex. 647, 4 S. W. 67).  If results that liability of the property owner persists until such acts are done as amount to payment of taxes in the statutory way, or until the State or County, etc., does some act, etc., which amounts to ratification of what had previously been done informally by the owner and collector with consequent release of the tax lien."

It follows as a matter of course, as stated above, that the owners of the land would be liable for the delinquent taxes, penalty and interest because of non-payment and the County and State have the legal right to enforce its tax lien by reason of the non-payment of the taxes, before delinquency.

Trusting that the above and foregoing fully answers your inquiry we are

APPROVED SEP 27 1944                          Yours very truly
/s/ Grover Sellers                 ATTORNEY GENERAL OF TEXAS
ATTORNEY GENERAL OF TEXAS          By  /s/ W. V. Geppert
WVG:iw:lm                               W. V. Geppert
APPROVED OPINION COMMITTEE BY /s/ BWB, CHAIRMAN        Assistant