**KISER v. AUSTIN, Banking Com'r, et al.**
**(No. 4527–655.)**

(Commission of Appeals of Texas, Section B.
Oct. 14, 1926.)

Banks and banking ⊜⇒15—Commission of tax
collector and private funds deposited with
public funds held not protected by state guaranty fund.

County tax collector, who deposited in county depository, in his name as "tax collector,"
taxes collected, *held* not entitled, on insolvency
of depository, to payment out of state guaranty
fund for commissions upon tax collections not
withdrawn from such account and for private
funds which he had deposited in such account.

Error to Court of Civil Appeals of Eighth
Supreme Judicial District.

Action by E. B. Kiser against Charles O.
Austin, Banking Commissioner, and others.
Judgment for the plaintiff was reversed and
rendered by the Court of Civil Appeals (277
S. W. 411), and plaintiff brings error. Affirmed.

Starley & Russell, of Pecos, for plaintiff in
error.

Dan Moody, Atty. Gen., for defendants in
error.

SPEER, J. Plaintiff in error Kiser is the
sheriff and tax collector of Reeves county.
The Pecos Valley State Bank was incorporated under the banking laws of this state, its
depositors being secured by the depositors'
guaranty fund. This bank was duly selected
as the county depository of Reeves county,
and gave the bond required by law. The
bank became insolvent and was closed by the
banking commissioner on January 28, 1924,
and since that date has been in process of
liquidation. The plaintiff in error carried an
account in that bank in the name of E. B.
Kiser, tax collector, and likewise another
account in the name of E. B. Kiser, state accountant. When the bank closed, there was a
balance of $35,300.93 to the credit of the first
account, and a balance of $3,529.13 to the
credit of the other account, the total balances
being $38,830.06. The plaintiff in error made
claim for, and sued in the district court to
recover, the sum of $5,960.78, which he alleged to be a part of the first-named account,
but in reality to belong to him in his individual capacity. He alleged that this sum was
made up of items of commissions received by
him upon tax collections and other personal
funds derived from sources entirely disconnected from his official duties. He recovered
in the district court, but on appeal to the
Court of Civil Appeals that court, in a majority opinion, reversed the judgment of the
district court and rendered judgment denying the collector's right to have payment out
of the state guaranty fund. Associate Justice Walthall dissented (277 S. W. 411).

The majority of the Court of Civil Appeals
held that since plaintiff in error commingled
his private funds with the public funds of
which he was custodian, all being deposited
in the county depository in his name as "tax
collector," all constituted a public fund representing taxes collected and secured by the
depository's bond, and therefore his claim to
repayment out of the state guaranty fund
could not be allowed. Justice Walthall, dissenting, expressed the view that only that
portion of the deposit actually belonging to
the county was secured by the depository's
bond, and therefore bore interest, and that as
to the individual interest claimed by defendant in error, the same was not secured by the
bond, did not bear interest, and the collector
therefore was entitled to be repaid from the
guaranty fund. Both sides of the question
have been thoroughly discussed by the respective opinions.

The form of the transaction with the bank
is not controlling. The manner in which an
account is kept with the bank is often a matter of mere bookkeeping. The real test always is, aside from any question of estoppel
precluding the inquiry: What are the real
facts? Chief Justice Cureton has well said
upon this point:

"The law will look through all semblances and
forms to ascertain the actual fact as to whether
or not there has been a bona fide deposit made,
and, if not, the guaranty fund does not protect
the transaction, no matter how it may be evidenced." Kidder v. Hall, 113 Tex. 49, 251 S.
W. 497.

See, also, State Banking Board v. Pilcher
(Tex. Com. App.) 270 S. W. 1004; Eastland
County v. Chapman (Tex. Com. App.) 276 S.
W. 654, 277 S. W. 629. But it of course does
not follow that the real transaction is not
evidenced by the form of the deposit.

While it may be true the collector was entitled to deduct from the tax collections his
commissions before depositing the county
funds in the bank, nevertheless he did not
actually make such deduction in any way
whatever, nor evidence any intention to do
so. On the other hand, he evidenced the contrary intention. He was not necessarily the
owner of a pro tanto interest in the collections, unless and until he had actually appropriated such interest to the payment of his
claims or manifested a clear intention of doing so. He has done neither. In this case
the form of the deposit correctly represents
the real status of the fund. It can make no
difference that the county still owes the collector his commissions, if it does; the fact
remains that no part of the funds deposited
had been appropriated or applied to such
claim. There has been no segregation of the
funds, either actual or equitable.

For these reasons the judgment of the
Court of Civil Appeals through its majority

opinion is correct, and we recommend its affirmance.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.