AUSTIN, State Banking Com'r, et al. v. FOX.*
(No. 7799.)

Court of Civil Appeals of Texas. San Antonio.
June 8, 1927.

Rehearing Denied July 2, 1927.

1. Banks and banking ⟨⟩15—Petition alleging receipt of unsecured, noninterest-bearing deposits, payable from guaranty fund, held not subject to general demurrer as stating conclusions only (Rev. St. 1925, arts. 446, 447).

In action for deposit in bank, taken over by banking commissioner, petition alleging that bank received stated amount of "unsecured and noninterest-bearing deposits," payable from depositors' guaranty fund under Rev. St. 1925, art. 446, held not subject to general demurrer, as stating only conclusions of pleader, though not setting out explanation in article 447 of what constitutes such deposits.

2. Pleading ⟨⟩34(3)—Every reasonable intendment must be indulged to sustain pleading on general demurrer.

Every reasonable intendment must be indulged to sustain a pleading as against a general demurrer.

3. Banks and banking ⟨⟩4—Guaranty Depositors Act must be construed by its own language and that of Constitution (Rev. St. 1925, arts. 446-448).

Guaranty Depositors Act (Rev. St. 1925, arts. 446-448) must be interpreted and construed by its own language and that of Constitution.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted November 9, 1927.

**4. Banks and banking ⬅=15—Guaranty Depositors Act does not permit transformation of public funds into private or personal funds (Rev. St. 1925, arts. 446–448).**

Guaranty Depositors Act (Rev. St. 1925, arts. 446–448) does not permit transformation of deposits of "public funds," as therein defined, into private or personal funds.

**5. Banks and banking ⬅=15—Tax money, deposited in name of collector, after settling with state and county, held not "public funds," but private deposit, payable from guaranty fund (Rev. St. 1925, art. 446).**

Deposits of tax money in name, and to order, of county tax collector, who had settled with state and county for all he owed them, *held* not "public funds," but his private deposit, payable from depositors guaranty fund under Rev. St. 1925, art. 446, where not secured nor bearing interest.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Funds.]

**6. Banks and banking ⬅=4—Guaranty Depositors Act should be liberally construed to protect bona fide depositors (Rev. St. 1925, arts. 446–448; Rev. St. 1911, p. 1719, § 3).**

Guaranty Depositors Act (Rev. St. 1925, arts. 446–448) should be liberally construed to accomplish paramount purpose of protecting bona fide depositors, without resort to fine-spun technicalities and hair-splitting construction to defeat their claims, in view of Rev. St. 1911, p. 1719, § 3.

**7. Banks and banking ⬅=15—Interest on deposit, ordered paid from guaranty fund, should not be allowed for time before judgment (Rev. St. 1925, art. 446).**

In action for amount of deposit, ordered paid from depositors' guaranty fund under Rev. St. 1925, art. 446, interest should not be allowed for any time prior to date of such judgment.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by J. J. Fox against Charles O. Austin, Banking Commissioner of Texas, and others. Judgment for plaintiff, and defendants appeal. Corrected, and affirmed as corrected.

Jno. W. Goodwin and Jno. W. Brady, both of Austin, for appellants.

Seabury, George & Taylor, of Brownsville, for appellee.

FLY, C. J. This is a suit by appellee against Charles O. Austin, banking commissioner of Texas, the state banking board, and the First State Bank of Rio Hondo, to recover the sum of $1,478.11, an insured deposit in the said bank, which was organized under the depositors' guaranty bank fund, and that said bank had failed and been taken over by said banking commissioner and state banking board for the liquidation of its debts, and that said commissioner and board had rejected the claim of appellee as a depositor and claimant in the depositors' guaranty fund. The allegations of the petition showed that the deposit made by appellee was taxes collected through the bank from the taxpayers and placed to the credit of appellee, who was the collector of taxes, and that the said collector had paid the full amount of the taxes out of his own funds to the proper authorities. Appellants answered that the bank was not the county depository of Cameron county, and both the appellee and the bank knew that the taxes were public funds, and unlawfully placed in the bank, and that appellee could not recover the deposit out of the guaranty funds. The cause was heard by the court without a jury, and judgment rendered for appellee for the claim sued on by him, and that the same be paid out of the guaranty fund by appellants.

It was agreed that appellee was the tax collector of Cameron county, and that the Rio Hondo State Bank had collected taxes from a number of citizens, and placed the amounts to the credit of the collector who had sent receipts for the taxes to the bank to be delivered to those entitled to the same. The Merchants' National Bank at Brownsville had been duly selected as the legal depository of Cameron county for the years 1924 and 1925. The Rio Hondo bank was closed by the banking commissioner on February 23, 1925, and all depositors and creditors were notified of his action, and notice was given to appellee to present his claim as required by law, which he did. That claim was rejected by the commissioner as being a claim upon the depositors guaranty fund.

This suit was filed on May 27, 1926. The deposits constituting the claim of appellee were made in 1924 and early part of 1925. The deposits were placed in the personal account of appellee, and he had placed in the Merchants' National Bank of Brownsville, the county depository, to his account as tax collector, a sum in excess of what he owed for taxes, state and county, and, having settled with the commissioners' court prior to the time the notice that the bank at Rio Hondo had been taken over and closed by the banking commissioner was served on him, the deposits in the closed bank were his personal property. The facts given were alleged and proved.

[1] It was alleged in the petition that the First State Bank of Rio Hondo, Cameron county, did "receive the sum of $1,478.11 in cash of unsecured, noninterest-bearing deposits of this plaintiff," and that the same were protected under the depositors guaranty fund. The statute provides that:

"All unsecured, non-interest bearing deposits, including cashier's checks, bank drafts, or exchange issued against or arising from bona fide

unsecured and non-interest bearing deposits, shall be protected under the guaranty fund." Article 446, Revised Statutes of 1925, which with articles 447 and 448, purports to be a condensation or epitome of article 486, Rev. Civ. Stats. of 1911, as amended by the Acts of 1923, p. 90.

[2] The allegations as to the kind of deposits were clear and explicit, and were the statement of a fact rather than the conclusion of the pleader. Appellants contend that the petition was subject to general demurrer because only conclusions were stated as to the deposits being unsecured and noninterest-bearing, but the petition was certainly not subject to general demurrer on that ground. The rule is venerable with age and dignity that every reasonable intendment must be indulged to sustain a pleading as against a general demurrer.

Appellee might with propriety have set out the explanation made in article 447 of what is meant by unsecured and noninterest-bearing deposits and other things pertaining to the deposits, but a failure to enumerate all the details did not render the petition open for attack from a general demurrer. The three propositions relating to the first assignment are overruled.

[3-5] It is a rule enunciated by the Supreme Court that the Guaranty Depositors Act must be interpreted and construed by its own and the language of the Constitution, and the construction should be a broad and liberal one. Kidder v. Hall, 113 Tex. 49, 251 S. W. 497; Chapman v. Bank (Tex. Com. App.) 267 S. W. 690. We shall take the definition of public funds given in the statute to guide us in ascertaining whether the deposits made by appellee in the Rio Hondo bank were public funds, and not protected by the guaranty fund. Public funds are those belonging to the state or to any county or political subdivision of the state, and, further, all funds coming fairly under the definition are not protected. There is no intimation in the statute that, if deposits should at any time come within the category of public funds, no act or circumstance can ever change their public fund character and transform them into private or personal funds. A depositor is defined in Kidder v. Hall, herein cited, as "one who delivers to or leaves with a bank money, or checks, or drafts, the commercial equivalent of money, subject to his order, and by virtue of which action the title to the money passes to the bank." The deposits were in the name of appellee, and were held subject to his order, and, if the knowledge of the bank that the deposits were county or state money impressed them with the character of a trust, still, the instant appellee settled with the state and county for all he owed them as the collector of taxes, the trust character of any of the funds collected by him was at once

destroyed. To hold otherwise would be to hold that money collected for taxes could never become private property. Or, in other words, if a dollar is paid to a tax collector for taxes, that identical dollar must be paid to state or county, as it is forever public funds. There is nothing in the statutes of Texas suggesting any such absurdity. The evidence shows that every dollar due by appellee in his capacity of tax collector for Cameron county for the year 1924 had been fully paid, and the money deposited in any bank in his name could not be public funds, but his private property. As said by Judge Walthall of the El Paso Court of Civil Appeals, in a dissenting opinion, in Austin v. Kiser, 277 S. W. 411:

"The state, county, or districts certainly could not claim from the depository or the collector any amount of money collected as taxes in excess of the amount due each, and I see no reason why the amount of money put in the depository in excess of the several amounts due the state and county, under the evidence, would not belong to Kiser, to the amount of his commissions. * * * If he had the amount of money in the bank for which he sued and recovered judgment, and had the right to withdraw such funds at the time of his settlement with the departments, it would be immaterial whether the amount was made up from his private funds, not commissions, or from commissions solely, or from both sources, neither fund being secured in any way, or drawing interest, he would be entitled to have either fund or the aggregate of both paid out of the depositors' guaranty fund."

That opinion fits the facts in this case. The majority opinion held that there was mingling of public and private funds in the depository in such a way as to make them all public funds under guaranty law. Such was not the state of facts in this case. Appellee had fully settled with the departments for all taxes collected up to January 1, 1924. All deposits at that time in the Rio Hondo bank, as well as in the county depository, became the private deposits of appellee. The taxes deposited in the Rio Hondo bank after January 1, 1924, were set apart to himself as commissions, there being sufficient money on deposit in the county depository to pay all claims to the state and county, and on March 16, 1924, about three weeks after the Rio Hondo bank was closed, appellee had a full settlement for all taxes collected by him after January 1st. When he filed his claim with the commissioner of banking, he owed nothing in the way of taxes to state, county, or district. He had appropriated the funds paid to the Rio Hondo bank for his commissions, and they were deposited in the name of J. J. Fox, and not as collector. This clearly distinguishes this case from the Kiser Case, as written in the opinion of the Commission of Appeals, in 286 S. W. 1082. It was held in that case that all the funds

were deposited in the name of Kiser, tax collector. The court said:

"He was not necessarily the owner of a pro tanto interest in the collections, unless and until he had actually appropriated such interest to the payment of his claims or manifested a clear intention of doing so. He has done neither. In this case the form of the deposit correctly represents the real status of the fund. It can make no difference that the county still owes the collector his commissions, if it does; the fact remains that no part of the funds deposited had been appropriated or applied to such claim. There has been no segregation of the funds, either actual or equitable."

In the present case there had been a segregation and appropriation by the tax collector of all deposits in the Rio Hondo bank. Appellee testified to this, and the money was deposited in his name as his private funds.

[6] It should not be the policy to defeat the claims of depositors, under the guaranty fund, but the law should be liberally construed to accomplish the paramount purpose of protecting bona fide depositors. Fine-spun technicalities and hair-splitting construction should not be resorted to in order to defeat the just claims of a depositor. As said in Chapman v. Guaranty State Bank, herein cited:

"The dominant purpose of the laws under review was to secure the depositors and protect the creditors of state banks. * * * The law must be liberally construed with a view of accomplishing its paramount purpose. * * *"

Statutes should be liberally construed to effect their objects and to promote justice. Rev. Stats. 1911, final title, § 3.

[7] None of the propositions of law having any merit in them they are overruled, with the exception of the proposition suggesting that interest should not be allowed for any time back of time of judgment. With the correction that interest on the judgment at the rate of 6 per cent. per annum from its date be assessed, the judgment will be affirmed.