AUSTIN, Banking Com'r, v. McCARY.
(No. 1542.)

Court of Civil Appeals of Texas. Beaumont.
June 25, 1927.

Rehearing Denied Sept. 21, 1927.

1. **Banks and banking** ⬅15—Tax collector's balance after payment of state, county, etc., held individual deposit, secured by depositor's guaranty fund.

Tax money left in bank after collector settled with state, county, and all subdivisions thereof was his individual money, secured by depositor's guaranty fund; such payments operating to segregate public funds from his commissions and create relation of debtor and creditor without his having to withdraw and redeposit to his individual credit such balance.

2. **Banks and banking** ⬅15—Real fact, not form of transaction, determines whether bona fide deposit, secured by guaranty fund, was made.

Form of transaction with bank is not controlling in determining whether bona fide deposit, secured by depositor's guaranty fund, was made, but law will look through all semblances and forms to ascertain real fact.

3. **Banks and banking** ⬅15—Temporary deposit of tax moneys in another bank than county depository held not to deprive deposit of protection by guaranty fund (Rev. St. 1925, art. 2549).

Tax collector's temporary deposit of tax moneys in another bank than county depository held, at most, a technical violation of Rev. St. 1925, art. 2549, not constituting them trust funds without protection of depositor's guaranty fund.

Appeal from District Court, Shelby County; R. F. Brown, Judge.

Action by J. R. McCary against Chas. O. Austin, Banking Commissioner, and others. From a judgment against the named defendant, he appeals. Affirmed.

John W. Brady, of Austin, for appellant.
E. H. Carter and Sanders & Sanders, all of Center, for appellee.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

O'QUINN, J. The First State Bank of Joaquin, Shelby county, was incorporated under the banking laws of Texas, and elected to secure its depositors by the depositors' guaranty fund of the state of Texas. It was not the depository for Shelby county, but the Farmers' State Bank of Center was the county depository, and had been so selected prior to the dates of the deposits in controversy in the First State Bank of Joaquin. The First State Bank of Joaquin became insolvent and was closed on March 20, 1925, by the banking commissioner for liquidation.

Appellee, McCary, was, during the years 1923, 1924, and 1925, tax collector of Shelby county, Tex., and as such officer collected state, county, and other taxes, and deposited same in the First State Bank of Joaquin to his credit, in the name of "J. R. McCary, tax collector." At the time the bank was closed there was a balance to the credit of J. R. McCary, tax collector, of $2,821.13, which is the amount involved in this suit. The several deposits making up this amount were deposited during the month of January, 1925.

Appellee, McCary, in his individual capacity, presented to the banking commissioner a claim against the First State Bank of Joaquin for the $2,821.13, as an unsecured and noninterest-bearing deposit. The banking commissioner rejected the claim, and appellee instituted this suit against the bank, the banking commissioner, and the state banking board, setting up that upon the date the bank closed he had on deposit with it the sum of $2,821.13, which deposit he sought to have established as secured by the depositors' guaranty fund.

On the trial all of the defendants were eliminated except Chas. O. Austin, banking commissioner, by agreement of the parties. Appellant, Austin, answered by general demurrer and special exception to the effect that it appeared from plaintiff's petition that the claim asserted was public funds and not protected by the guaranty fund, a general denial, and a special answer that all the deposits described in the petition, and the moneys and funds represented thereby were public funds and not protected by the guaranty fund.

The case was tried before the court without the aid of a jury, and judgment rendered in favor of appellee for $2,821.13 and established the same as an unsecured and noninterest-bearing deposit, and payable out of the guaranty fund. Appellant excepted to the judgment of the court, and the case is before us for review on appeal.

At the request of appellant, the court filed findings of fact and conclusions of law. The facts are without dispute. They show that McCary was tax collector of Shelby county, Tex.; that the First State Bank of Joaquin was not the depository of said Shelby county, but that the Farmers' State Bank of Center was the duly selected and qualified deposi-tory for said county; that on March 20, 1925, there was a balance of $2,821.13 in favor of J. R. McCary, as tax collector of Shelby county, in the First State Bank of Joaquin, which had theretofore been deposited in various sums during the month of January, 1925; that all of this amount was tax money collected by McCary and for convenience temporarily placed by him in said bank; that on March 20, 1925, said First State Bank of Joaquin was declared insolvent and closed by the banking commissioner; that said deposit of $2,821.13 was an unsecured and noninterest-bearing deposit standing in the name of J. R. McCary, tax collector; that McCary, as tax collector, had settled with the state, county, and all subdivisions of said county for all taxes coming to them up to March 15, 1925, and it did not appear that any taxes had been collected by McCary during the month of March, 1925; and that in making said settlement McCary had drawn out of said bank the sum of $1,000 from the amount that he had therein on deposit, leaving a balance of said sum of $2,821.13, which was his commissions and belonged wholly to him, free from any and all claims of the state, county, and all subdivisions of the county, but that McCary had said nothing to said bank about his having settled his collector accounts or that the money was his, although he had drawn several checks against same in his individual name and for his individual accounts, which were honored and paid by the said bank.

[1] The main contention of appellant is that as the moneys deposited by appellee in the First State Bank of Joaquin were taxes collected and deposited by him as tax collector, and the deposit account of appellee remained on the books of said bank in the name of appellee as tax collector, up to the time of closing the bank, the balance of $2,821.13 was still public funds, although appellee had fully paid off and settled every public demand against him to that date, and the balance remaining in said bank represented and was his commissions and belonged to him individually, because, appellant contends, appellee had not separated or segregated his said commissions from the public funds deposited by him in said bank. In other words, the contention of appellant is that before appellee could claim the balance of $2,821.13 in said bank as his individual money, he must have separated it from the public funds by him deposited and have had same entered as a deposit to his credit individually.

[2] We do not think this contention should be sustained. It is true that at the time the deposits were made the moneys deposited were public funds, but it is admitted by appellant that before the bank was closed McCary had settled in full with the state, county, and all subdivisions of the county, and that at the time the bank closed the balance in the bank was his commissions, and that same was unsecured and noninterest-bearing

account. When McCary settled with the state and county and all subdivisions of the county, the money left was his. His act of payment operated to segregate the public funds from his commissions, and upon his discharge from said obligations the remainder became eo instanti his individual money. The deposit was subject to his check, and the relation of debtor and creditor was created and existed. It was not necessary for Mc-Cary to withdraw his $2,821.13 and then redeposit it with the bank to create this relationship, for by his withdrawal of the public funds in the payment of his dues to the state, county, and the subdivisions of the county, leaving his commissions, his own private money, in the bank, it had already been created. The form of the transaction with the bank is not controlling. For, as was said in Kiser v. Austin (Tex. Com. App.) 286 S. W. 1082, "The real test always is, * * * what are the real facts?" Chief Justice Cureton, in Kidder v. Hall, 113 Tex. 49, 251 S. W. 497, said:

"The law will look through all semblances and forms to ascertain the actual fact as to whether or not there has been a bona fide deposit made; and if not, the guaranty fund does not protect the transaction, no matter how it may be evidenced."

This is not only good law, but equity, justice, and common honesty. It is admitted that the deposit was made, and though it was public funds when deposited, mingled with the commissions of McCary, yet he selected out of the county depository and the First State Bank of Joaquin of the moneys he had deposited enough to fully discharge each and every obligation he owed the state and county and subdivisions of the county, deliberately leaving his own money—his commissions—in the First State Bank of Joaquin, which is here involved, and though he did not have the bank to change the form of his account, yet the law will look through all forms and semblances to discover the real facts, and, this being done, the deposit is found to be McCary's, and hence in all justice, fairness, and law, he is entitled to the protection of the guaranty fund.

Appellant cites us to Austin v. Kiser (Tex. Civ. App.) 277 S. W. 411, as sustaining his contention. We think that case and the instant case are clearly distinguishable. In that case the tax collector deposited the tax moneys, including his commissions, in a guaranty fund bank, which became insolvent and was closed. Kiser had not paid to the state and county all that he owed them, but, to the contrary, he owed $32,869.28. The deposit was prima facie a public fund and subject to the payment of all tax collections due by the collector to the state and county. He had not segregated his commissions from the public funds by taking out of the bank all the public funds and leaving in the bank only his own money—his commissions—as had the collector in the instant case. Furthermore, in the Kiser Case at least a portion, if not all, of the deposits were interest-bearing, which was not so in the case at bar. The Kiser Case found its way to the Supreme Court (286 S. W. 1082), and we think its determination there supports our holding here. In affirming the judgment of the Court of Civil Appeals, Judge Speer said that the form of the transaction, that is, the way in which the account was kept on the bank's books, did not control; that the real test always is, What are the real facts? In passing upon the right of Kiser to claim and hold his commissions, he says:

"While it may be true the collector was entitled to deduct from the tax collections his commissions before depositing the county funds in the bank, nevertheless he did not actually make any such deduction in any way whatever, nor evidence any intention to do so. On the other hand, he evidenced the contrary intention. He was not necessarily the owner of a pro tanto interest in the collections, *unless and until* he had actually appropriated such interest to the payment of his claims or manifested a clear intention of doing so. He has done neither. In this case the form of the deposit correctly represents the real status of the fund. It can make no difference that the county still owes the collector his commissions, if it does; the fact remains that no part of the funds deposited had been appropriated or applied to such claim. There has been no segregation of the funds, either actual or equitable." (Italics ours.)

In the instant case, McCary, the collector, had paid in full every obligation to the public, and in doing so he had assembled before him the deposit in the Farmers' State Bank, the county depository, and the deposits in the First State Bank of Joaquin, and had selected the funds in the Farmers' State Bank, the depository and $1,000 of the deposit in the First State Bank of Joaquin with which to make the payments, and had, by his deliberate act, left his commissions in the Joaquin bank. This was an actual segregation of the public funds from his commissions and an appropriation of the amount left in the Joaquin bank as his claim for commissions. He not only manifested a clear intention to appropriate the $2,821.13 to the payment of his claim, but actually carried out the intent by so doing, and this was before the bank was declared insolvent and closed. We think the case fully supports our holding upon the facts in the instant case.

Appellant in his brief says that the settlements made by appellee with the state and county were up to March 15, 1925, and that these settlements represented the tax collections for the months of January and February, 1925, and that appellee offered no proof of settlement for the March, 1925, collections prior to the closing of the bank. There is,

nothing in the record upon which to base this contention. There is no proof that any collections were made in March, 1925.

[3] It is urged by appellant that McCary's depositing tax money, public funds, in the First State Bank of Joaquin, which was not the county depository, when it was his duty under the law (article 2549, Revised Civil Statutes 1925) to deposit same in the Farmers' State Bank of Center, the duly selected and qualified county depository, was in violation of law, and the deposit therefore an illegal deposit, and that the legal result of such deposit was to constitute such funds trust funds, and that such funds are not protected by the guaranty fund.

This contention cannot be sustained. It is not questioned but that all parties acted in the utmost good faith. The county depository bank made no complaint. No one made any complaint or questioned the good intentions and honesty of purpose of appellee in making the temporary deposit in the First State Bank of Joaquin. If appellee's making said temporary deposit in the First State Bank of Joaquin was a violation of law, which we do not hold, it was only a technical violation, of which the county depository bank and the owners of the tax money alone could complain, and it could not affect the character of the deposits so made in the First State Bank of Joaquin. Austin v. Bain (Tex. Civ. App.) 283 S. W. 638.

The judgment should be affirmed, and it is so ordered. Affirmed.