### WALCOWICH BROS. v. HYSAW.
#### (No. 7259.)

Court of Civil Appeals of Texas. Austin.
Sept. 19, 1928.

E. B. Coopwood and C. F. Richards, both of Lockhart, and W. O. Slater, of Luling, for appellants.

Fred L. Blundell and Tom Gambrell, both of Lockhart for appellee.

BLAIR, J. Appellants sued appellee upon his note for $257.40, payable to appellants. In answer appellee alleged, and on the trial proved, in substance, that he executed the note and in addition gave his check for $234, aggregating $491.40, in payment of a new Ford car which he purchased from appellants; that the total paid included all reasonable carrying charges on the car, and also included about $30, covering insurance of the car against loss by fire or theft; and that it was orally agreed at the time that with the money so paid by appellee, appellants would take out a policy of insurance with loss payable to appellants as their "interest may appear," covering the car against loss by fire or theft; that appellee relied upon appellants' promise and agreement to insure the car, but that they carelessly or negligently failed to do so; and that shortly after the delivery of the car to appellee it was stolen without fault on his part, and had never been recovered. Appellee further alleged that he was therefore damaged in the amount of the note, and prayed that it be canceled and annulled, and that appellants be denied any recovery thereon.

A trial to the court without a jury resulted in a judgment that appellants take nothing by their suit on the note.

By their first three propositions, appellants contend that appellee's defense and proof in support of it varied by parol evidence the terms of the note and the following portion of the mortgage on the car given to secure the note:

"The mortgagor (meaning appellee) hereby agrees and binds himself to keep the motor vehicle above described constantly insured against risk or loss by fire or theft, with acceptable insurance companies, to the amount not less than the sum of the notes described, until the full and final payment of said note,

and the satisfaction of the obligations therein mentioned; the policy of insurance to contain a clause that in the event of the loss that any payment shall be made to the mortgagee (appellant) or its indorsers, as its, or their interest may appear."

Appellants do not point out in what particular appellee's defense as pleaded and as supported by the evidence varies the terms of the note in suit. It is contended, however, that the portion of the pleadings and evidence in support thereof to the effect that appellants orally agreed, at the time of the execution of the note and mortgage, to take out the insurance therein provided for, varied the terms of the mortgage above quoted, and particularly that portion which bound "the mortgagor (meaning appellee) to take out the insurance contemplated." We do not sustain the contention. These pleadings and the proof thereon merely show the manner in which appellee complied with that obligation of his contract. In other words, appellee simply alleged and proved that he performed that obligation of his contract by paying appellants the money with which to obtain the insurance contemplated and by obtaining their promise and agreement to secure the insurance. It is well-settled law that oral testimony is always admissible to prove the manner or way a written obligation had been performed or fulfilled.

Appellants obligated themselves to procure fire and theft insurance with the money furnished to them by appellee, "to the amount not less than the sum" of the note in suit. This they carelessly or negligently failed to do according to the findings of the trial court, which findings are supported by the evidence, and because of this breach of obligation on the part of appellants, the trial court found and concluded that they had damaged appellee to the extent of the amount of the note in suit, and accordingly rendered judgment that they take nothing by their suit on the note. We sustain the judgment of the trial court in this respect.

But appellants insist by their fourth proposition that since appellee admitted the execution of the note and having by way. of cross-action or plea in reconvention attempted to defeat the note, and which cross-action or plea in reconvention were specifically denied by the judgment, appellants were therefore entitled to a judgment on the note. We do not sustain the contention. Appellee not only sought to defeat the note by pleading the damages resulting to him by reason of appellants' failure to take out the insurance by way of cross-action or reconvention for said damages, but also pleaded the facts above detailed in estoppel of appellants' right to collect the note, and prayed that it be canceled, and that they take nothing by their suit on the note. It is apparent from the findings of fact and conclusions of law filed by the trial court that the court took the view that under the facts pleaded and proved appellants were in equity estopped to collect the note. The court then denied appellee a recovery on his cross-action for damages, by which he sought to also recover damages in the sum of $234 by virtue of his having paid that amount in cash on the car. This we think disposes of appellants' contention here made. But if it was incumbent on the trial court, which we do not concede, to have first rendered judgment for appellants on the note and to have rendered judgment for appellee on his cross-action to the amount of the note, and then offset one against the other, then the court's action in denying each party a judgment was tantamount to the same thing, and the judgment rendered will therefore be affirmed.

Affirmed.