**STATE et al. v. HARVEY et al.** (No. 7294.)

Court of Civil Appeals of Texas. Austin. Jan. 23, 1929.

L. C. Sutton and Jno. W. Goodwin, both of Austin, for appellant James Shaw, Banking Commissioner.

Claude Pollard, Atty. Gen., H. Grady Chandler and Brann Fuller, Asst. Attys. Gen., and J. C. Abney, Co. Atty., of Lampasas, for appellants State and Lampasas County.

W. H. Browning, of Lampasas, for appellant People's Nat. Bank.

Roy L. Walker, of Lampasas, for appellee A. R. Harvey.

Thompson, Knight, Baker & Harris, of Dallas, for appellee Globe Indemnity Co.

BLAIR, J. Appeals from judgments rendered in consolidated causes of action and cross-actions, which grew out of the following facts and transactions:

On January 23, 1925, A. R. Harvey, tax collector of Lampasas county, collected taxes at Lometa in said county, and the same day made deposits in the Lometa State Bank as follows: "To A. R. Harvey, Tax Collector," the sum of $4,373.16; and to "Highway, A. R. Harvey," the sum of $697.72—totaling $5,070.88. The deposits represented $246.06 in cash, $2,278.46 in checks on the said Lometa State Bank, and $2,546.36 in checks on other banks, all of which were accepted by Harvey from taxpayers in payment of taxes due. The next day, January 24, 1925, Harvey drew two drafts on said Lometa Bank, one for $4,373.16, and the other for $697.72, both payable to the People's National Bank of Lampasas, Tex., which was the state and county depository for Lampasas county. These drafts and other checks not involved here were on the same day credited to Harvey's tax collector account, by the following entries made on the depository bank's books: "To A. R. Harvey, County, $2,197.84; to A. R. Harvey, State, $2,175.32; to A. R. Harvey, Highway, $817.92."

The depository bank then forwarded said drafts to the Lometa State Bank through the Federal Reserve Bank. The Lometa Bank marked them "Accepted," and paid and charged them against the accounts in the name of Harvey, and attempted to pay them by issuing exchange on the City National Bank of Galveston, which exchange the Federal Reserve Bank forwarded to the Galveston Bank, and the Galveston Bank refused payment on account of having no funds belonging to the Lometa State Bank. Before the Federal Reserve Bank again presented these items for payment, the Lometa State Bank had closed its doors, and its assets and affairs had been taken over by the banking commissioner of Texas for liquidation. The Lometa State Bank was operating under the State Bank Guaranty Law of Texas. When the drafts in question were later returned, the depository bank charged Harvey's tax collector account with the amount of the drafts by book entries.

Whereupon the state of Texas and Lampasas county each sued A. R. Harvey, tax collector, and his bondsman, the Globe Indemnity Company, for the taxes alleged to have been collected and not placed in the county's depository. In the alternative, the state and Lampasas county each sued the People's National Bank of Lampasas as county depository, alleging that, when it accepted Harvey's drafts and gave him credit for same as deposits, it released Harvey and his bondsman from liability for the taxes, and became liable itself to the state and Lampasas county for the amount of the drafts under its depository contract and the various statutes relating thereto. Harvey urged this same defense. The depository bank defended that it only accepted the drafts for collection, and under specific agreement with Harvey that in the event they were not paid same would be charged back against Harvey's account, and by cross-action sued Harvey personally on that agreement. Harvey sued the banking commissioner of Texas, alleging that, since the Lometa State Bank did not pay his said drafts, and that since he had paid the state and Lampasas county by the transactions with the county depository, the funds so deposited by him in the Lometa State Bank became his own, and that he was therefore a

depositor within the law and protected by the guaranty fund.

These suits were consolidated by order of the court and tried as one suit. A trial to the court without a jury resulted in a judgment for the state and also for Lampasas county on their alternative suits against the People's National Bank of Lampasas, as a county depository, for the amount each had in the Harvey drafts; and judgment was rendered for the depository bank on its cross-action against Harvey personally, for the amount of the two drafts. Harvey recovered judgment against the state banking commissioner, establishing his claim against the Guaranty Fund for the $5,070.88 so deposited in the Lometa State Bank, and judgment was rendered that no party to the suit have judgment against Harvey's bondsman, Globe Indemnity Company. All parties except Harvey and Globe Indemnity Company have appealed. The appeals of the state and Lampasas county are formal in order that all parties and issues raised in the court below might be before this court, and each insists here that the trial court has correctly disposed of the case.

The principal contention made by appellants People's National Bank of Lampasas and the state banking commissioner is that the court erred in permitting the state and Lampasas county to recover on their alternative plea against depository bank. We do not sustain the contention.

Under the undisputed facts, the depository bank handled the Harvey drafts on the Lometa Bank in its dual capacity (1) as an ordinary banking institution, and (2) as the duly appointed depository of Lampasas county; and the cases cited by appellants, which deal solely with collections and deposits made under ordinary banking transactions, do not apply. A consideration of the depository statutes is therefore of first importance to a decision in this case.

Under provision of article 2549 (Rev. St.), a tax collector must deposit "as soon as collected" all taxes for state and county in the county depository, pending the preparation of his monthly reports, and payments to the officers of the state and county as directed by articles 7250, 7260, and 7261. Such deposits bear interest on daily balances, and when taxes are so deposited the bond of the depository stands as security for all such funds or taxes, and "the tax collector and sureties on his bond shall thereafter be relieved of responsibility for its safe-keeping." Articles 7250, 7260, and 7261 provide that such funds or taxes so deposited shall be paid to the state and county by the depository only "on checks drawn by such tax collector in favor of" the officers named in the statutes.

■ Now the depository bank's officers testified that the Harvey drafts on the Lometa Bank were credited to Harvey's tax collector account in the same manner as "if it had

been gold and silver that he brought instead of the drafts." We therefore conclude, in view of these facts and the provisions of the depository statutes, that, when the depository bank credited the account of Harvey as tax collector with the amount of the drafts the same as if they had been "gold and silver," the funds so deposited became the funds of the state and Lampasas county, in the county depository, and the depository had no lawful authority to withdraw these funds to pay Harvey's dishonored drafts, even though there was a specific agreement between it and Harvey to do so, because the statutes specifically provide that such funds can only be paid out "on checks drawn by the tax collector in favor of" the state and county officers named in the statutes. The state and county were not parties to this private agreement between the depository and Harvey, and are therefore not bound by it.

The depository and Harvey could have agreed to not credit the depository account with the drafts until they were paid, and thus have protected the depository; but to permit and enforce the private agreement between the depository and Harvey here asserted would be to wholly disregard the protection which the state has by statute placed about her public funds.

On principle, the case of Watson, Tax Collector, v. El Paso County (Tex. Civ. App.) 202 S. W. 126, is decisive of this case. There the statutes construed were those providing that the county treasurer shall deposit all funds collected by him for state and county in the county depository, in like manner as article 2549, supra, requires the tax collector to deposit all funds collected by him in the county depository, and the court held (a) that, where the depository credited the county with the amount of a check drawn by the tax collector and deposited by the county treasurer, the depository cannot charge back to the county's account the amount of the check upon its being dishonored; and (b) that the statutes, supra, provide the only manner for withdrawing funds from the depository, no matter what the understanding with the treasurer to charge the check back in case of its dishonor, because the county was not a party to any such transaction.

■ Harvey settled with the state and Lampasas county for all taxes collected and deposited by him in the Lometa State Bank when he obtained credit for his two drafts on his tax collector's account with the county depository, and he therefore became the owner of the funds deposited in the said Lometa Bank. These deposits were unsecured, and the trial court correctly held Harvey to be a depositor and protected by the State Bank Guaranty Law (Rev. Stat. 1925, art. 446). The case of Austin, Banking Com'r, v. Fox (Tex. Civ. App.) 297 S. W. 341, affirmed by (Com. App.) 1 S.W.(2d) 601, conclusively sus-

tains this judgment of the trial court, and we overrule without further comment the contention of the banking commissioner that Harvey was not such a depositor as is protected by the Guaranty Fund Law.

■ Nor do we sustain the contention that the judgments rendered do not finally dispose of all parties and matters involved. The proposition urged is that there was no specific judgment or judgments rendered either for or against the state or Lampasas county on their suits against Harvey as tax collector. The judgments in favor of the state and Lampasas county against the depository bank on their alternative suits, and in favor of the depository bank against Harvey individually, was tantamount to a judgment denying the state and Lampasas county a recovery against Harvey as tax collector. Southern Pacific Co. v. Ulmer (Tex. Com. App.) 286 S. W. 193; Phillips v. Jones (Tex. Civ. App.) 283 S. W. 298; Walcowich Bros. v. Hysaw (Tex. Civ. App.) 9 S.W.(2d) 1046.

We overrule all of appellants' propositions, and affirm the judgment of the trial court.

Affirmed.